UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-80596-CIV-ZLOCH

FRANK BIELANSKI, on behalf of
himself and all others
similarly situated,

        Plaintiff,

vs.

SALBERG & COMPANY, P.A.,
EDWARD STEELE, JOHN KLECHA,
APRIL GREEN and THE SINGING
MACHINE COMPANY, INC.,

        Defendants.
_____/

**OMNIBUS ORDER**



THIS MATTER is before the Court upon Plaintiffs, Theodore Klarides and James Klarides' Motion For Consolidation, Appointment As Lead Plaintiff Under Section 21D(a)(3)(B) Of The Securities Act Of 1934, And Approval Of Lead Plaintiffs' Selection Of Lead Counsel (DE 15), Plaintiff, Aaron K. Han's Motion To Consolidate Actions, To Be Appointed Lead Plaintiffs And For Approval Of Lead Plaintiffs' Selection Of Lead Counsel And Liaison Counsel (DE 23), Defendants, Salberg & Company, P.A., Edward Steele, John F. Klecha, April Green and The Singing Machine Company, Inc.'s Motion For Enlargement (DE 27) and Plaintiffs, Theodore Klarides and James Klarides' Agreed Motion For Five-Day Extension Of Time To Serve Reply Memorandum Of Law In Further Support Of Their Motion For Appointment As Lead Plaintiffs And Approval Of Lead Counsel (DE



32).[1]  The Court has carefully reviewed said Motions, the entire court file and is otherwise fully advised in the premises.

The Courts notes, and Plaintiffs, Theodore Klarides and James Klarides (hereinafter collectively the "Klarides Brothers") and Plaintiff, Aaron K. Han (hereinafter "Han") agree, that the appointment of lead plaintiff in a private securities class action, such as the instant cause, is controlled by 15 U.S.C. § 78u-4(a)(3)(B).  Pursuant to Section 78u-4(a)(3)(B)(iii), the appropriate lead plaintiff (also referred to as "the most adequate plaintiff") is one who (a) has filed the complaint or a motion, (b) has the largest financial interest in the action and (c) otherwise satisfies the requirement of Federal Rule of Civil Procedure 23. The Klarides Brothers and Han also agree that the compelling factor is the determination of which petitioner has the greatest financial loss.  The Klarides Brothers claim a financial loss of $954,957.66 ($651,623.40 for Theodore and $303,334.25 for James)[2] while Han claims a loss of $114,064.  Thus, since - at least at this early stage of the litigation - Rule 23 is otherwise satisfied, the

---

[1] The Court notes that the time for filing a motion to be considered lead plaintiff has expired, see 15 U.S.C. §78u-4(a)(3)(B)(i) (1997), and that the motions of Greg Kurdoglanyan and Joe Kurdoglanyan (DE 21) and Stephan Dennis and Fredrick L. Gorsline (DE 18) have been withdrawn.  See DE Nos. 29 and 33.

[2] The Court notes that because the Klarides are brothers they are a pre-existing group and their claimed loss may be aggregated.  See In re Texlon Corp. Sec. Litig., 67 F. Supp. 2d 803, 823 (N.D. Ohio 1999).  Alternatively, each of the Klarides Brothers claims a loss greater than that of Han.

Klarides Brothers are the appropriate lead plaintiffs.

Unless otherwise necessary to protect the interests of the class, the lead plaintiff's counsel shall serve as lead counsel. See 15 U.S.C. §78u-4(a)(3)(B)(v) (1997). The Klarides Brothers counsel, Vianale & Vianale LLP and Shalov Stone & Bonner LLP, shall, therefore serve as lead counsel.

Finally, by prior Orders (DE Nos. 11 and 30) the Court consolidated the actions the instant Motions seek to have consolidated, thus that aspect of the instant Motions is moot.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs, Theodore Klarides and James Klarides' Motion For Consolidation, Appointment As Lead Plaintiff Under Section 21D(a)(3)(B) Of The Securities Act Of 1934, And Approval Of Lead Plaintiffs' Selection Of Lead Counsel (DE 15) be and the same is hereby **GRANTED**;

2. Plaintiff, Aaron K. Han's Motion To Consolidate Actions, To Be Appointed Lead Plaintiffs And For Approval Of Lead Plaintiffs' Selection Of Lead Counsel And Liaison Counsel (DE 23) be and the same is hereby **DENIED**;

3. Plaintiffs, Theodore Klarides and James Klarides' Agreed Motion For Five-Day Extension Of Time To Serve Reply Memorandum Of Law In Further Support Of Their Motion For Appointment As Lead Plaintiffs And Approval Of Lead Counsel (DE 32) be and the same is

hereby **GRANTED**; and

    4. Defendants, Salberg & Company, P.A., Edward Steele, John F. Klecha, April Green and The Singing Machine Company, Inc.'s Motion For Enlargement (DE 27) be and the same is hereby **GRANTED** as follows:

    a) Lead Plaintiffs, Theodore Klarides and James Klarides shall file with the Clerk of the Court a Consolidated Amended Class Action Complaint on or before <u>Friday, November, 14 2003</u>; and

    b) Defendants, Salberg & Company, P.A., Edward Steele, John F. Klecha, April Green and The Singing Machine Company, Inc. shall answer or otherwise respond to the Consolidated Amended Class Action Complaint on or before <u>Friday, December 19, 2003</u>.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___10th___ day of October, 2003.

                                              WILLIAM J. ZLOCH
                                              Chief United States District Judge

Copies Furnished:

All attorneys of record