# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CONSOLIDATED CASE NO. 03-80596-CIV-ZLOCH

FRANK BIELANSKY, on behalf )
of himself and all others similarly )
situated, )
            )
           Plaintiff, )
            )
vs. )
            )
SALBERG & COMPANY, P.A., )
EDWARD STEELE, JOHN )
KLECHA, APRIL GREEN and )
THE SINGING MACHINE, INC., )
            )
           Defendants. )



## STIPULATION AND AGREEMENT OF SETTLEMENT

This stipulation and agreement of settlement dated as of April 23, 2004 (the "Stipulation")

is submitted pursuant to Rules 23 and 23.1 of the Federal Rules of Civil Procedure. Subject to the

approval of the Court, this Stipulation is entered into among Lead Class Plaintiffs Theodore Klarides

and James Klarides on behalf of the Class (as hereinafter defined), Derivative Plaintiffs Heinz Bonde

and Robert De Angelis on behalf of themselves and the Nominal Derivative Defendant, The Singing

Machine Company, Inc. ("The Singing Machine") and Defendants, Edward Steele, John F. Klecha,

April J. Green, Josef A. Bauer, Jack S. Dromgold, Robert J. Weinberg, Howard W. Moore

(collectively, the "Individual Defendants"), The Singing Machine and Salberg & Company, P.A.

("Salberg & Co.") (The Singing Machine, the Individual Defendants, and Salberg & Co. are

collectively referred to hereinafter as the "Defendants), by and through their respective counsel.



**WHEREAS**:

A.       Beginning on or about July 11, 2003, eight class and two derivative actions -- Frank Bielansky v. Salberg & Company, P.A., et al., Civ. No. 03-80596; Tyson Michael Wetzel v. The Singing Machine Company, Inc., et al., Civ. No. 03-61346; Marc Bocciardi v. The Singing Machine Company, Inc., et al., Civ. No. 03-80602; Arthur Nething v. The Singing Machine Company, Inc., et al., Civ. No. 03-80654; Marc Gregoire v. Salberg & Company, P.A., et al., Civ. No. 03-80714; Douglas K. Waddell v. Salberg & Company, P.A., et al., Civ. No. 03-80739; Nicholas Wagenea v. The Singing Machine Company, Inc., et al., Civ. No. 03-80639; Larry Ellberger v. Salberg & Company, P.A., Civ. No. 03-61636; Heinz Bonde v. Edward Steele, et al., Civ. No. 03-61386; and Robert DeAngelis v. Edward Steele, et al., Civ. No. 03-61854 -- (the "Complaints") were filed in this Court. All ten actions were consolidated under the caption above by the Court's Omnibus Order entered September 18, 2003 [D.E. #8] and are hereinafter referred to as the "Action";

B.       The Consolidated Amended Class Action Complaint dated November 21, 2003 filed in the Action (the "Consolidated Complaint") generally alleges, among other things, that Defendants issued false and misleading press releases and other statements regarding The Singing Machine's condition during the Class Period -- February 14, 2001 through and including June 27, 2003 -- in a scheme to artificially inflate the value of The Singing Machine's common stock;

C.       The Consolidated Complaint alleges that Plaintiffs and other Class Members purchased the common stock of The Singing Machine during the Class Period at prices artificially inflated as a result of the Defendants' dissemination of materially false and misleading statements regarding The Singing Machine.  As a result, Plaintiffs allege that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder;

D.     Motions to dismiss the Consolidated Complaint contesting all allegations by the Plaintiffs were filed by the Defendants.  Those motions were fully submitted when counsel for all parties informed the Court that a settlement in principle had been reached.

E.     Defendants deny any wrongdoing whatsoever and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have asserted.  Nonetheless, Defendants have concluded that further conduct of this litigation would be protracted and expensive, and that it is desirable that the litigation be fully and finally settled on the terms set forth in this Stipulation.  The parties to this Stipulation recognize, however, that the litigation has been filed by Plaintiffs and defended by Defendants in good faith and with adequate basis in fact under Federal Rule of Civil Procedure 11, that the litigation is being voluntarily settled after advice of counsel, and that the terms of the settlement are fair, adequate and reasonable.  This Stipulation shall not be construed or deemed to be a concession by any Plaintiff of any infirmity in the claims asserted in the Action;

F.     Plaintiffs' Counsel have conducted an investigation relating to the claims and the underlying events and transactions alleged in the Complaints and Consolidated Complaint.  Plaintiffs' Counsel have gathered and analyzed evidence to support their Consolidated Complaint and have researched the applicable law with respect to the claims of the Class Plaintiffs, the Derivative Plaintiffs and the Class against the Defendants and the potential defenses thereto;

G.     Plaintiffs, by and through their counsel, have conducted discussions and arm's length negotiations with Defendants' Counsel with respect to a compromise and settlement of the Action with a view to settling the issues in dispute and achieving the best relief possible consistent with the interests of The Singing Machine (as Nominal Derivative Defendant) and the Class; and

-3-

H.      Based upon their investigation and research as set forth above, Plaintiffs' Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to The Singing Machine (as Nominal Derivative Defendant) and the Class, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial benefits that The Singing Machine (as Nominal Derivative Defendant) and the members of the Class will receive from settlement of the Action, (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

NOW THEREFORE, without any admission or concession on the part of Plaintiffs of any lack of merit of the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Defendants, it is hereby STIPULATED AND AGREED, by and among the parties to this Stipulation, through their respective attorneys, subject to approval of the Court pursuant to Rules 23(e) and 23.1 of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto from the Settlement, that all Settled Claims (as defined below) as against the Released Parties (as defined below) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

## CERTAIN DEFINITIONS

1.      As used in this Stipulation, the following terms shall have the following meanings:

a.      "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator.

b.      "Claims Administrator" means the firm of Gilardi & Co. LLC which shall administer the Settlement.

-4-

c.      "Class" and "Class Members" means, for the purposes of this Settlement only, all persons who purchased the publicly-traded common stock of The Singing Machine between February 14, 2001 and June 27, 2003, inclusive (the "Class"). Excluded from the Class are the Defendants, members of the immediate family of each of the Individual Defendants, any subsidiary or affiliate of The Singing Machine and Salberg & Co., and the directors, officers and employees of The Singing Machine and Salberg & Co. or their subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

d.      "Class Period" means, for the purposes of this settlement only, the period of time from February 14, 2001 through and including June 27, 2003.

e.      "Class Plaintiffs" means the shareholders who filed the eight putative class action complaints listed above.

f.      "Defendants" means The Singing Machine Company, Inc., Edward Steele, John F. Klecha, April J. Green, Josef A. Bauer, Howard W. Moore, Jack S. Dromgold, Robert J. Weinberg and Salberg & Company, P.A.

g.      "Defendants' Counsel" means the law firm of Steel Hector & Davis LLP for The Singing Machine Company, Inc., Edward Steele, John F. Klecha, April J. Green, Josef A. Bauer, Jack S. Dromgold, Howard W. Moore, Robert J. Weinberg and the law firm of Conroy, Simberg, Ganon, Krevans & Abel, P.A. for Defendant Salberg & Company, P.A.

h.      "Derivative Plaintiffs" means Heinz Bonde and Robert De Angelis.

i.      "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in paragraph 23 below.

j.      "Notice" means the Notice of Pendency of Class Action, Hearing On Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund, which is to be sent to members of the Class substantially in the form attached hereto as Exhibit 1 to Exhibit A.

k.      "Order and Final Judgment" means the proposed order to be entered approving the Settlement substantially in the form attached hereto as Exhibit B.

l.      "Plaintiffs' Derivative Counsel" means the law firms of Lee & Amtzis, P.L., Barrett, Johnston & Parsley, Robbins, Umeda & Fink, LLP and Branstetter, Kilgore, Stranch & Jennings.

m.      "Derivative Settlement Counsel" means the law firm of Barrett, Johnston & Parsley.

n.      "Plaintiffs' Counsel" means Plaintiffs' Lead Counsel and Plaintiffs' Derivative Counsel and all of the other attorneys representing Plaintiffs listed at the end of this Stipulation.

o.      "Plaintiffs' Lead Counsel" means the law firms of Vianale & Vianale LLP and Shalov Stone & Bonner LLP for the Class.

p.      "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Class substantially in the form attached hereto as Exhibit A.

q.      "Publication Notice" means the summary notice of proposed Settlement and hearing for publication substantially in the form attached as Exhibit 3 to Exhibit A.

r.      "Released Parties" means the Defendants and their current and former directors, officers, employees, attorneys, insurers, reinsurers, accountants, underwriters, financial advisors, investment bankers, agents, predecessors, successors, parents, subsidiaries, affiliates, heirs, administrators, executors and assigns.

s.      "Settled Claims" means any and all claims, rights or causes of action, damages, losses or liabilities whatsoever, whether based on federal, state, local, statutory or common law, or equity or any other law, rule or regulation, including both known claims and unknown claims, that have been or could have been asserted in any forum by the Class Plaintiffs, Derivative Plaintiffs, Class Members or any of them against any of the Released Parties which arise out of or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that could have been asserted in the Complaints and Consolidated Complaint or otherwise relating to the purchase of shares of the common stock of The Singing Machine or its operations during the Class Period or the defense of the Action.

t.      "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law, equity or any other law, rule or regulation, including both known claims and unknown claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Defendants, the Class Plaintiffs, the Derivative Plaintiffs, any members of the Class, or their attorneys, which arise out of or relate in any way to the institution and prosecution of the Action.

u.      "Settlement" means the settlement contemplated by this Stipulation.

**<u>SCOPE AND EFFECT OF SETTLEMENT</u>**

2.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and any and all Settled Claims as against all Released Parties and any and all Settled Defendants' Claims.

3.      The following shall be the effect of the full and final disposition of the Action:

a.      Pursuant to the Order and Final Judgment, upon the Effective Date of this Settlement, Class Plaintiffs, Derivative Plaintiffs and members of the Class on behalf of themselves, their heirs, executors, administrators, successors and assigns, and any persons they represent shall, and by operation of law shall, be deemed to have released and forever discharged each and every Settled Claim against the Released Parties, and shall forever be enjoined from prosecuting any Settled Claims against any of the Released Parties.

b.      Pursuant to the Order and Final Judgment, upon the Effective Date of this Settlement, each of the Defendants, on behalf of themselves and the Released Parties, shall release and forever discharge each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

c.      Pursuant to the Order and Final Judgment, this Action shall be dismissed with prejudice, Defendants to bear their costs and fees and Plaintiffs costs and fees paid out of the Gross Settlement Fund as set forth below.

### THE SETTLEMENT CONSIDERATION

4.      a.      Within ten (10) days of the execution of this Stipulation, Defendants will cause to be paid, by their carriers, $1,275,000 of which $475,000 will be paid on behalf of Salberg and $800,000 will be paid on behalf of the remaining Defendants, into an interest-bearing escrow account on behalf of the Class Plaintiffs, the Derivative Plaintiffs and the Class (the "Cash Settlement Fund").

b.      In addition, pursuant to Section 3(a)(10) of the Securities Act of 1933, 15 U.S.C. § 77c(a)(10) (the "Securities Act"), The Singing Machine will deliver 400,000 freely tradable shares of common stock of The Singing Machine (the "Settlement Shares") for the benefit of the Class upon Plaintiffs' Lead Counsel's instructions, which shall not be given until after the Effective Date.   The Singing Machine shall provide its counsel's certification that the issuance of the Settlement Shares was exempt from registration pursuant to Section 3(a)(10) of the Securities Act, and are therefore freely tradable.  The Singing Machine agrees to issue and deliver such shares on the instructions of Plaintiffs' Lead Counsel, in whole or in part and from time to time as instructed by Plaintiffs' Lead Counsel, which instructions shall not be given until after the Effective Date and which shall not require any act that might call into question the registration exemption identified above.  Plaintiffs' Lead Counsel shall have the right to sell any and all of such shares and to deposit the proceeds into the escrow fund for the benefit of the Class.  Until the Settlement Shares are distributed pursuant to the Order of Distribution, the number of Settlement Shares will be adjusted if the Company (i) declares a dividend in common stock on any class of its capital stock or (ii) subdivides, combines or reclassifies its outstanding common stock.  As of the date hereof and until the Settlement Shares are actually distributed pursuant to the Order of Distribution, the Settlement Shares shall be treated the same as all other issued and outstanding shares of The Singing Machine common stock as of the date hereof, including in the event of any merger or sale of The Singing Machine, or sale or distribution of all or substantially all of The Singing Machine's assets, or other extraordinary event affecting the capital structure of The Singing Machine.

c.      The Cash Settlement Fund and the Settlement Shares shall be collectively referred to as the "Gross Settlement Fund."

d.    The Defendants are settling all derivative claims asserted against them and others by the Derivative Plaintiffs in the <u>Bonde v. Edward Steele, et al.</u>, Case No. 03-61386 and the <u>DeAngelis v. Edward Steele, et al.</u>, Complaints (filed in this Court and consolidated with this Action) (the "Derivative Actions") by agreeing to adopt or continue, or put in writing the following corporate governance measures:

i.    to increase the Board of Directors of The Singing Machine (the "Board") to 6 members;

ii.    to ensure that independent directors comprise 2/3 of the Board;

iii.    to adopt standard for independence used by NYSE for directors and audit committees rather than the AMEX standard;

iv.    to provide for a Lead Independent Director to be elected at first meeting of independent directors, who will also serve as Chair of full Board after Board ratification;

v.    to provide that the Lead Independent Director/Chair will have responsibilities for (i) setting the schedule of Board meetings; (ii) direct input into Board agenda; (iii) selecting members of Board committees; (iv) input as to Board committee agenda; (v) reviewing the quality of information received from management to the Board; (vi) recommending consultants to the Board; (vii) assuring Board oversight of management's compliance with Board policies and (viii) evaluating the performance of the CEO with the full Board sitting as Compensation Committee;

vi.    to ensure that all Board committees will have majority of independent directors and that the Audit Committee will include at least one member with an accounting background;

vii.    to pass an amendment to the By-Laws of the Board to create 6-year term limits for non-executive Lead Independent Director/Chair effective as of 2003 annual meeting;

viii.    to pass an amendment to the By-Laws of the Board setting 10-year term for all directors effective as of 2003 annual meeting;

ix.    to pass an amendment to the By-Laws of the Board to require directors to use 25% of annual fee to buy SMC stock at full prices.  Such purchases shall be either open market purchases (subject to all window requirements) or fixed periodic purchase from the Company at full market prices at the applicable time.  All stock acquired in satisfaction of the mandatory investment program shall be held until a date which shall not be less than six months following the termination of a directorship other than in the event of death or disability, in which case resale restrictions should lapse immediately;

x.    to provide that, so long as the Singing Machine  remains a publicly-traded company, it shall engage an independent auditing firm to perform an annual audit of its financial statements.  A written report of the results of each annual audit, including any findings, opinions or recommendations by the independent auditor shall be provided to the Chief Executive Officers ("CEO"), the Chief Operating Officer ("COO"), the Chief Financial Officer ("CFO"), if position is filled, and the Audit Committee of the Board for review and remedial action, if necessary. At least annually the Audit Committee of the Board and the Company's auditor shall meet in executive session regarding any material changes in the Singing Machine's business and financial statements. The Audit Committee shall issue a directive to all employees encouraging any employee to report to the Audit Committee any matter which the employee believes involves the improper reporting of the financial performance of the Singing Machine;

xi.     to provide that the Singing Machine shall rotate its independent auditing firm every ten years and that the Company will not obtain consulting (i.e., non-audit services) from the same independent auditing firm that contemporaneously audits The Singing Machine's financial statements and/or financial results.  Further, the Company shall prohibit the providing of any internal audit function by the Company's independent auditing firm.  The Singing Machine shall also establish a policy prohibiting the hiring of any employee of the Company's independent auditing firm to serve as the CEO, CFO and/or COO of the Company.  Similarly, The Singing Machine policy shall prohibit the hiring as auditor any independent auditing firm if the company did, in fact, hire as its CEO, CFO and/or COO an employee or former employee within the prior two years;

xii.     to adopt a written policy prohibiting excessive fraternization between Company personnel and auditor personnel.  In addition, The Singing Machine policy shall prohibit the giving or receiving of gifts of more than nominal value between Company personnel and auditor personnel;

xiii.     to adopt a Board level policy providing internal controls and policies prohibiting The Singing Machine from entering into agreements with any director or officer of the Company, or any person or entity controlled or affiliated with them, for the provision of goods and services, to The Singing Machine without approval by a majority of the directors and the opinion of an outside expert that the agreement with the director or officer is on equal or better terms than those otherwise available;

xiv.     to provide that Board committees shall have standing authorization, on their own decision, to retain legal or other advisors of their choice, who shall report directly to the Board or Committee;

-12-

xv.    to provide that the Board sitting as the Executive Compensation/Stock Option Committee shall set annual and long-term performance goals for the CEO. The Board sitting as the Executive Compensation Option Committee shall meet annually to evaluate the CEO's performance against such goals and determine compensation adjustments based on whether these goals have been achieved. The Board sitting as the Executive Compensation/Stock Option Committee shall meet at least once each calendar year in executive session without the CEO. The Board sitting as the Executive Compensation/Stock Option Committee shall adopt, with Board of Director approval, a resolution setting forth the following compensation principles: (a) compensation arrangements shall emphasize pay for performance and encourage retention of those employees who enhance the Company's performance; (b) compensation arrangements shall promote ownership of the Company's stock to align the interests of management, directors and stockholders; (c) in approving compensation, the recent compensation history of the executive, including special or unusual compensation payments, shall be taken into consideration; (d) cash incentive compensation plans for senior executives shall link pay to achievement of financial goals set by the Board; (e) the Board sitting as the Executive Compensation/Stock Option Committee shall review the compensation of directors annually; (f) the Company's proxy statement shall report that compensation awards were made in accordance with their requirements;

xvi.    to provide that the Board shall appoint a risk manager and shall receive periodic developed reports on litigation from the risk manager. The Board will provide meaningful oversight of all significant litigation;

xvii.    to provide that the CFO shall be responsible for ensuring that the Company's revenue recognition policy, which conforms to the requirements of Generally Accepted Accounting Principles as currently in effect or as amended, is implemented and utilized throughout

the Company.   The CFO shall report to the Board on a semi-annual basis regarding the implementation and operation of this policy.   The CFO shall distribute the Company's revenue recognition policy to each Company employee who records or reviews the recording of revenue. Any questions regarding that policy, or its application, shall be directed to the Company's CFO;

xviii.   to provide in writing that the full Board will function as a Corporate Governance and Nominating Committee;

xix.   to amend By-Laws of the Board to allow: (1) shareholders with an aggregate 10% of shares outstanding to be able to nominate a candidate for director, with the requirement that any such nominee, if not accepted as a nominee of the Board of Directors, will appear on The Singing Machine's Proxy as a candidate with the designation "Shareholder Nominated"; (2) Shareholders with an aggregate 10% of shares outstanding to be able to call a special meeting of shareholders: (3) a majority of shareholders voting at any annual or special meeting to be able to remove a director, with or without cause;

xx.   to adopt a written insider trading policy to be signed by each executive officer and director.   The policy should include penalties, including termination of employment for any violation of the policy.   Violations of the policy shall be reportable by the Company to the SEC;

xxi.   to adopt a written policy prohibiting the extension of loans and other credit by the Company to its officers and/or directors.

e.   Within ten (10) days of approval of the Settlement, Derivative Settlement Counsel will receive attorneys' fees, costs and interest of up to a maximum amount $150,000, subject to approval by the Court, immediately payable out of the Gross Settlement Fund  for distribution to Plaintiffs' Derivative Counsel at the sole discretion of Derivative Settlement Counsel in accordance with the work performed by Plaintiffs' Derivative Counsel and the benefit provided by each,

notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Derivative Counsels' obligation to refund or repay to the Settlement Fund all such attorneys' fees, cost and expenses plus accrued interest at the same set rate as is earned by the Gross Settlement Fund, if and when, as a result of any appeal and/or further proceedings or demand, or successful collateral attack, the fee or cost amount or award is reduced or reversed.

5.   a.   The Gross Settlement Fund, net of any Taxes (as defined below) on the income thereof and of the Derivative Plaintiffs' Counsel attorneys' fees, costs and interest set forth on paragraph 4(c) above, shall be used to pay (i) the notice and administration costs referred to in paragraph 7 hereof, (ii) the attorneys' fee and expense award referred to in paragraph 8 hereof, and (iii) the remaining administration expenses referred to in paragraph 9 hereof. The balance of the Gross Settlement Fund after the above payments shall be the "Net Settlement Fund" which shall be distributed to the Authorized Claimants as provided in paragraphs 10-12 hereof. Any sums required to be held in escrow hereunder shall be held by Vianale & Vianale LLP and Shalov Stone & Bonner LLP as Escrow Agents for the Settlement Fund. All funds held by the Escrow Agents shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned to the persons paying the same pursuant to this Stipulation and/or further order of the Court. The Escrow Agents shall invest any funds in excess of $100,000 in short term United States Agency or Treasury Securities, and shall collect and reinvest all interest accrued thereon. Any funds held in escrow in an amount of less than $100,000 may be held in an interest bearing bank account insured by the FDIC. The parties hereto agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1 and that the Escrow Agents, as administrators of the Settlement Fund within

the meaning of Treasury Regulation §1.468B-2(k)(3), shall be responsible for filing tax returns for the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund.  Counsel for Defendants agree to provide promptly to the Escrow Agent the statement described in Treasury Regulation §1.468B-3(e).

       b.      All (i) taxes on the income of the Gross Settlement Fund and (ii) expenses and costs incurred in connection with the taxation of the Gross Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) (collectively "Taxes") shall be paid out of the Gross Settlement Fund, shall be considered to be a cost of administration of the settlement and shall be timely paid by the Escrow Agents without prior Order of the Court.

### ADMINISTRATION

6.      The Claims Administrator shall administer the Settlement under Plaintiffs' Lead Counsel's supervision and subject to the jurisdiction of the Court.  Except as stated in paragraph 14 hereof, Defendants shall have no responsibility for the administration of the Settlement and shall have no liability to the Class in connection with such administration.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, including providing without charge all information from The Singing Machine's transfer records concerning the identity of members of the Class and their transactions.

7.      Plaintiffs' Lead Counsel may expend from the Gross Settlement Fund, without further approval from the Defendants or the Court, the reasonable costs and expenses associated with the administration of the Settlement (not to exceed $100,000.00), including without limitation, the costs of identifying members of the Class and effecting mail notice and Publication Notice.  Such amounts shall include, without limitation, the actual costs of publication of a Summary Notice (see Exhibit A-3), printing and mailing the Notice, reimbursements to nominee owners for forwarding notice to their

beneficial owners, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims.

## ATTORNEYS' FEES AND EXPENSES

8.    Plaintiffs' Counsel (with the exception of Plaintiffs' Derivative Counsel) will apply to the Court for an award from the Gross Settlement Fund (less taxes and Derivative Counsel attorneys' fees and costs as awarded by the Court paid pursuant to paragraph 4(c)) of attorneys' fees of up to thirty-percent (30%) of the remaining Gross Settlement Fund and for reimbursement of expenses, plus interest.  Defendants will take no position on such application.  Such attorneys' fees, costs and expenses, and interest as are awarded by the Court shall be payable from the remaining Gross Settlement Fund to Plaintiffs' Class Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Plaintiffs' Class Counsel's obligation to refund or repay to the Settlement Fund all such attorneys' fees and expenses plus accrued interest at the same net rate as is earned by the Gross Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed.  The distribution of the award among Plaintiffs' Class Counsel, shall be at the sole discretion of Plaintiffs' Lead Counsel in accordance with the work performed and the benefit provided by each.

## ADMINISTRATION EXPENSES

9.    Plaintiffs' Counsel will apply to the Court, on notice to Defendants' Counsel, for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims

Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund and Stock Escrow Account to Authorized Claimants.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

10.     The Claims Administrator shall determine each Authorized Claimant's pro rata share of the "Net Settlement Fund"and Stock Escrow Account based upon each Authorized Claimant's Recognized Claim  (as defined in the Plan of Allocation described in the Notice annexed hereto as Exhibit 1 to Exhibit A, or in such other Plan of Allocation as the Court approves).

11.     The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that such Plan of Allocation be approved.

12.     Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund and Stock Escrow Account based on his or her Recognized Claim compared to the total Recognized Claims of all accepted claimants. This is not a claims-made settlement. Defendants shall not be entitled to the return of any of the settlement monies or stock once the Settlement becomes final.  Defendants shall have no involvement in reviewing or challenging claims.  Any remaining settlement monies and stock not paid or authorized claimant shall be donated to a charitable organization designated by the Lead Plaintiffs' Counsel with the approval of the Court.

## ADMINISTRATION OF THE SETTLEMENT

13.     Any member of the Class who does not submit a valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Amount nor the Stock Escrow Account but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims.

14.     Plaintiffs' Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund and Stock Escrow Account by the Claims Administrator. Except for their obligation to pay the Settlement Amount, and to cooperate in the production of information, without charge to any party, with respect to the identification of members of the Class from The Singing Machine's shareholder transfer records, as provided herein, Defendants shall have no liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund or the Stock Escrow Account. Plaintiffs' Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim submitted in the interests of achieving substantial justice.

15.     For purposes of determining the extent, if any, to which a member of the Class shall be entitled to be treated as an "Authorized Claimant," the following conditions shall apply:

a.     Each member of the Class shall be required to submit a Proof of Claim (see attached Exhibit 2 to Exhibit A), supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as Plaintiffs' Lead Counsel, in their discretion, may deem acceptable;

b.     All Proofs of Claim must be submitted by the date specified in the Notice unless such period is extended by Order of the Court. Any member of the Class who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by Order of the Court, a later submitted Proof of Claim by such Claimant is approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims. Provided that it is received before the motion for the Class Distribution Order is filed,

a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

     c.    Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Plaintiffs' Lead Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

     d.    Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Claimant in order to remedy the curable deficiencies in the Proof of Claims submitted. The Claims Administrator, under supervision of Plaintiffs' Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below;

     e.    If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Plaintiffs' Lead Counsel shall thereafter present the request for review to the Court; and

    f.  The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Class Distribution Order.

   16.  Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

   17.  Payment pursuant to this Stipulation shall be deemed final and conclusive against all members of the Class. All members of the Class whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund and Stock Escrow Account, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims.

   18.  All proceedings with respect to the administration, processing and determination of claims described by paragraph 15 of this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

   19.  The Net Settlement Fund and Stock Escrow Account shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after: (i) all Claims have been processed, and all Claimants whose Claims have been rejected or disallowed, in whole or in part,

have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, all appeals therefrom have been resolved or the time therefor has expired; and (iv) all costs of administration have been paid.

**TERMS OF PRELIMINARY APPROVAL ORDER**

20.     Promptly after this Stipulation has been fully executed, Plaintiffs' Counsel and Defendants' Counsel jointly shall apply to the Court for entry of a Preliminary Approval Order, substantially in the form annexed hereto as Exhibit A.

**TERMS OF ORDER AND FINAL JUDGMENT**

21.     If the Settlement contemplated by this Stipulation is approved by the Court, counsel for the parties shall request that the Court enter an Order and Final Judgment substantially in the form annexed hereto as Exhibit B.

**SUPPLEMENTAL AGREEMENT**

22.     Simultaneously herewith, Plaintiffs' Lead Counsel and Defendants' Counsel are executing a "Supplemental Agreement" setting forth certain conditions under which this Stipulation may be withdrawn or terminated by Defendants if potential Class Members who purchased in excess of a certain number of shares of The Singing Machine common stock traded during the Class Period exclude themselves from the Class. The Supplemental Agreement shall not be filed prior to the Settlement Fairness Hearing unless a dispute arises as to its terms or the Court orders it to be filed. If required to be filed, it shall be filed under seal, unless otherwise Ordered by the Court. In the event of a withdrawal from this Stipulation pursuant to the Supplemental Agreement, this Stipulation shall

-22-

become null and void and of no further force and effect and the provisions of paragraph 26 shall apply. Notwithstanding the foregoing, the Stipulation shall not become null and void as a result of the election by the Defendants to exercise their option to withdraw from the Stipulation pursuant to the Supplemental Agreement until the conditions set forth in the Supplemental Agreement have been satisfied.

### EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

23. The Effective Date of Settlement shall be the date when all the following shall have occurred:

a. entry of the Preliminary Approval Order in all material respects in the form annexed hereto as Exhibit A;

b. approval by the Court of the Settlement, following notice to the Class, shareholders and a hearing, as prescribed by Rules 23 and 23.1 of the Federal Rules of Civil Procedure;

c. entry by the Court of an Order and Final Judgment, including the Derivative actions in all material respects in the form set forth in Exhibit B annexed hereto, and the expiration of any time for appeal or review of such Order and Final Judgment, or, if any appeal is filed and not dismissed, after such Order and Final Judgment is upheld on appeal in all material respects or not modified in material respect on remand after appeal and is no longer subject to review upon appeal or review by writ of certiorari, or, in the event that the Court enters an order and final judgment in form other than that provided above ("Alternative Judgment") and none of the parties hereto elect to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review.

24.     If all the conditions specified in paragraph 23 are not met, then the Stipulation shall be canceled and terminated subject to paragraph 25 unless the Parties through Counsel, expressly mutually agree in a writing signed by Counsel for all of the parties to proceed with the Stipulation notwithstanding the occurrence of one or more of the specified conditions.  In addition, Defendants or Plaintiffs shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto through undersigned counsel within thirty days of the date of the occurrence of any of the following: (a) failure of the Settlement to become effective for any reason and/or (b) Defendants' withdrawal from or termination of the Stipulation and Settlement pursuant to the terms of the Supplemental Agreement and paragraph 22 herein.

25.     Except as otherwise provided herein, in the event the Settlement is terminated or fails to become effective for any reason, then the parties to this Stipulation shall be deemed to have reverted to their respective status in the Action as of April 23, 2004, this Stipulation and all its agreements shall be deemed *void ad initio* and, except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement Amount previously paid by Defendants or on their behalf, together with any interest thereon, less any Taxes due with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Gross Settlement Fund (not to exceed $100,000.00) and Stock Escrow Account, shall be returned to the persons or entities paying the same.

## NO ADMISSION OF WRONGDOING

26.     This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

a.      shall not be offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by the Class Plaintiffs or by the Class, including but not limited to class certification, proper representative status, adequacy of investigation and satisfaction of Rule 11 responsibilities, the Derivative Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

b.      shall not be offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Class Plaintiffs, the Derivative Plaintiffs and the Class as evidence of any infirmity in the claims of the Class Plaintiffs, the Derivative Plaintiffs and the Class;

c.      shall not be offered or received against the Defendants or against the Class Plaintiffs, the Derivative Plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

d.      shall not be construed against the Defendants or the Class Plaintiffs, the Derivative Plaintiffs and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

e.      shall not be construed as or received in evidence as an admission, concession or presumption against the Class Plaintiffs, the Derivative Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaints or Consolidated Complaint would not have exceeded the Class Settlement Amount.

## MISCELLANEOUS PROVISIONS

27.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

28.     Each Defendant warrants as to himself, herself or itself that, as to the payments made by or on behalf of him, her or it, at the time of such payment that the Defendant made or caused to be made pursuant to paragraph 4 above, he, she or it was not insolvent, nor did, nor will the payment required to be made by or on behalf of him, her or it render such Defendant insolvent within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§101 and 547 thereof. This warranty is made by each such Defendant and not by such Defendant's Counsel.

29.     If a case is commenced in respect of any Defendant (or any insurer contributing funds to the Settlement Amount on behalf of any Defendant) under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Gross Settlement Fund or any portion thereof by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such monetary amount is not promptly deposited to the Gross Settlement Fund by others, then, at the election of Plaintiffs' Lead Counsel, the parties shall jointly move the Court to vacate and set aside the releases given and Judgment entered in favor of the Defendants pursuant to this Stipulation, which releases and Judgment shall be null and void, and the parties shall

-26-

be restored to their respective positions in the litigation as of April 23, 2004 and all cash amounts paid together with interest thereon in the Gross Settlement Fund and Stock Escrow Account shall be returned as provided in paragraph 25 above.

30.     The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the members of the Class against the Released Parties with respect to the Settled Claims.  Accordingly, Class Plaintiffs, the Derivative Plaintiffs and Defendants agree not to assert in any forum that the litigation was brought by Class Plaintiffs, the Derivative Plaintiffs  or defended by Defendants in bad faith or without a reasonable basis.  The parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action.  The parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

31.     This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all parties hereto or their successors-in-interest.

32.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

33.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation.

34.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

35.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among the parties hereto concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its exhibits and the Supplemental Agreement other than those contained and memorialized in such documents.

36.     This Stipulation may be executed in one or more counterparts.   All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Stipulation shall exchange among themselves original signed counterparts.

37.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

38.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of Florida without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

39.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and all parties have contributed substantially and materially to the preparation of this Stipulation.

40.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

41.     Plaintiffs' Lead Counsel, Derivative Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, the

Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

DATED:   April 23, 2004

VIANALE & VIANALE LLP

By: _____
       Kenneth J. Vianale
       Fla. Bar No. 0169668
       Julie Prag Vianale
       Fla. Bar No. 0184977
5355 Town Center Road, Suite 801
Boca Raton, FL 33486
Tel:   (561) 391-4900
Fax:  (561) 368-9274

**SHALOV STONE & BONNER LLP**
Lee Shalov
485 Seventh Avenue, Suite 1000
New York, NY 10018
Tel:   (212) 239-4340
Fax:  (212) 239-4310

**Lead Counsel for Lead Plaintiffs
and the Class**

**CONROY, SIMBERG, GANON, et al.**

By: _____
       Jeffrey A. Blaker, Esq.
       Fla. Bar No. 443913
1801 Centrepark Drive East, Suite 200
West Palm Beach, FL 33401
Tel:   (561) 697-8088
Fax:  (561) 697-8664

**Attorneys for Defendant Salberg & Co**

Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

DATED:   April 23, 2004

**VIANALE & VIANALE LLP**

By: _____

Kenneth J. Vianale
Fla. Bar No. 0169668
Julie Prag Vianale
Fla. Bar No. 0184977
5355 Town Center Road, Suite 801
Boca Raton, FL  33486
Tel:   (561) 391-4900
Fax:   (561) 368-9274

**SHALOV STONE & BONNER LLP**
Lee Shalov
485 Seventh Avenue, Suite 1000
New York, NY 10018
Tel:   (212) 239-4340
Fax:   (212) 239-4310

**Lead Counsel for Lead Plaintiffs
and the Class**

**CONROY, SIMBERG, GANON, et al.**

By: _____

Jeffrey A. Blaker, Esq.
Fla. Bar No. 443913
1801 Centrepark Drive East, Suite 200
West Palm Beach, FL 33401
Tel:   (561) 697-8088
Fax:   (561) 697-8664

**Attorneys for Defendant Salberg & Co**

-29-

**CONROY, SIMBERG, GANON, et al.**

By: _____

       Jeffrey A. Blaker, Esq.
       Fla. Bar No. 443913
1801 Centrepark Drive East, Suite 200
West Palm Beach, FL 33401
Tel:   (561) 697-8088
Fax:  (561) 697-8664

**Attorneys for Defendant Salberg & Co**

**STEEL HECTOR & DAVIS LLP**

By: _____

       Lewis F. Murphy, P.A.
       Fla Bar No. 308455
       Wendy S. Leavitt
       Fla Bar No. 908819
200 S. Biscayne Blvd.. 41ˢᵗ Floor
Miami. FL 33131
Tel:   (305) 577-2957
Fax:  (305) 577-7001

**Attorneys for Defendants The Singing Machine Company, Inc., Edward Steele, John F. Klecha, April J. Greene, Josef A. Bauer, Jack S. Dromgold, Robert J. Weinberg and Howard Moore**

LEE & AMTZIS P.L.

By: _____

       Eric Lee
       Fla Bar No. 961299
350 N.W, 12th Avenue, Suite 150
Deerfield Beach, FL 33442
Tel.   (561) 981-9988

BARRETT, JOHNSTON & PARSLEY
George E. Barrett
Douglas S. Johnston, Jr.
Timothy L. Miles
217 Second Avenue, North

-29-

**STEEL HECTOR & DAVIS LLP**

By: _Wendy S. Leavitt_

Lewis F. Murphy, P.A.
Fla Bar No. 308455
Wendy S. Leavitt
Fla Bar No. 908819
200 S. Biscayne Blvd., 41st Floor
Miami, FL 33131
Tel:    (305) 577-2957
Fax:    (305) 577-7001

**Attorneys for Defendants The Singing Machine Company, Inc., Edward Steele, John F. Klecha, April J. Greene, Josef A. Bauer, Jack S. Dromgold, Robert J. Weinberg and Howard Moore**

LEE & AMTZIS P.L.

By: _____

Eric Lee
Fla Bar No. 961299
350 N.W, 12th Avenue, Suite 150
Deerfield Beach, FL 33442
Tel.    (561) 981-9988

BARRETT, JOHNSTON & PARSLEY
George E. Barrett
Douglas S. Johnston, Jr.
Timothy L. Miles
217 Second Avenue, North
Nashville, TN  37201
Tel.    (615) 244-2202

ROBBINS UMEDA & FINK, LLP    Brian J. Robbins
Jeffrey P. Fink
Robbins Umeda & Fink, LLP
1010 Second Avenue, Suite 2360
San Diego, CA  92101
Tel.    (619) 525-3990

-30-

BRANSTETTER, KILGORE, STRANCH &
JENNINGS
James G. Stranch
227 Second Avenue North
Nashville, TN 37201
Tel:    (615) 254-8801
Fax:    (615) 255-5419

**Plaintiffs' Derivative Counsel**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CONSOLIDATED CASE NO. 03-80596-CIV-ZLOCH**

| | |
|---|---|
| FRANK BIELANSKY, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SALBERG & COMPANY, P.A., EDWARD STEELE, JOHN KLECHA, APRIL GREEN and THE SINGING MACHINE, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

**PRELIMINARY ORDER IN CONNECTION**
**WITH SETTLEMENT PROCEEDINGS**

WHEREAS, on April ___, 2004, the parties to the above-entitled action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rules 23 and 23.1 of the Federal Rules of Civil Procedure ("F.R.Civ.P.") and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Consolidated Amended Class Action Complaint (the "Consolidated Complaint") and two derivative complaints (03-61386 and 03-61854) (the "Derivative Complaints") on the merits and with prejudice upon the terms and conditions set forth in the Stipulation; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

Ex. A to Stipulation of Settlement

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of April, 2004 that:

1.      Pursuant to Rule 23(b)(3) Fed.R.Civ.P., and for the purposes of the settlement only, this Action is hereby certified as a class action on behalf of all persons who purchased the publicly-traded securities of The Singing Machine Company, Inc. ("The Singing Machine") between February 14, 2001 and June 27, 2003, inclusive (the "Class"). Excluded from the Class are the Defendants, members of the immediate family of each of the Individual Defendants, any subsidiary or affiliate of The Singing Machine and Salberg & Company, P.A. ("Salberg & Co."), and the directors, officers and employees of The Singing Machine and Salberg & Co. or their subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

2.      The Court finds with respect to the Class that, for purposes of settlement only, the prerequisites for a class action under Fed.R.Civ.P. 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named Lead Class Plaintiffs are typical of the claims of the Class they seek to represent; (d) the Lead Class Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. In the event the settlement is not finally approved, the Defendants have not waived their right to object to class certification.

-2-

3.      Pursuant to Rule 23, Fed.R.Civ.P., Lead Class Plaintiffs Theodore Klarides and James Klarides are certified as Class Representatives for the Class.

4.      A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) Fed.R.Civ.P. is hereby scheduled to be held before the Court on _____, at ___:_____ ___.m. for the following purposes:

a.      to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b), Fed.R.Civ.P.;

b.      to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

c.      to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Consolidated Complaint and the Derivative Complaints filed herein, on the merits and with prejudice, and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation and in the Order and Final Judgment annexed as Exhibit B to the Stipulation should be provided to the Released Parties;

d.      to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

e.      to consider Plaintiffs' Counsel's application for an award of attorneys' fees and expenses; and

f.      to rule upon such other matters as the Court may deem appropriate.

5.      The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Consolidated Complaint and the

Derivative Complaints on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses. The Court recognizes and acknowledges that one consequence of a determination of fairness at the Settlement Fairness Hearing is that, pursuant to Section 3(a)(10) of the Securities Act of 1933, 15 U.S.C. §§77c(a)(10), the Settlement Shares (as defined in the Stipulation and Agreement of Settlement) may be distributed to Class Members without registration and compliance with the prospectus delivery requirements of the securities laws.

6. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Hearing On Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund (the "Notice"), and the Proof of Claim form annexed hereto as Exhibits 1 and 2 respectively.

7. Plaintiffs' Lead Counsel shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before _____, 2004, to all members of the Class who can be identified with reasonable effort by Plaintiffs' Lead Counsel. The Defendants shall cooperate in making The Singing Machine's transfer records and shareholder information available, without charge to any party, to Plaintiffs' Lead Counsel or their agent for the purpose of identifying and giving notice to the Class. Plaintiffs' Lead Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased the publicly-traded securities of The Singing Machine during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed to forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the

-4-

Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notices and Proofs of Claim to beneficial owners. Plaintiffs' Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

8.     The Court approves the form of Publication Notice of the pendency of this class action and the proposed settlement in substantially the form and content annexed hereto as Exhibit 3 and directs that Plaintiffs' Lead Counsel shall cause the Publication Notice to be published in the national edition of The Wall Street Journal within ten days of the mailing of the Notice. Plaintiffs' Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Published Notice.

9.     The form and method set forth herein of notifying the Class of the Settlement and its terms and conditions meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10.     In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions set forth in the Stipulation, each member of the Class shall take the following actions and be subject to the following conditions:

a.      A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than _____, 2004.  Such deadline may be further extended by Court Order.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

b.      The Proof of Claim submitted by each member of the Class must satisfy the following conditions:  (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

-6-

c.      As part of the Proof of Claim, each member of the Class shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all claims as provided in the Stipulation.

11.     Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided.  Any member of the Class wishing to make such request shall mail the request in written form by first class mail postmarked no later than _____ to the address designated in the Notice.  Such request for exclusion shall clearly indicate the name and address of the person seeking exclusion, that the sender requests to be excluded from the Class in the Singing Machine Securities Litigation, and must be signed by such person.  Such persons requesting exclusion are also requested to state: their telephone number and the date(s), price(s), and number(s) of shares or amount(s) of all purchases and sales of The Singing Machine publicly-traded common stock during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

12.     Members of the Class requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

13.     The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers are filed in writing with the Clerk of the Court, United States Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida 33301, and copies of all such papers are served, on or before _____, upon each of the following:  Kenneth J. Vianale,

-7-

Esq., Vianale & Vianale LLP, The Plaza, Suite 801, 5355 Town Center Road, Boca Raton, Florida, 33486, Lee Shalov, Esq., Shalov Stone & Bonner LLP, 485 Seventh Avenue, Suite 1000, New York New York 10018 on behalf of Lead Class Plaintiffs; George E. Barrett, Esq., Barrett Johnson & Parsley, 217 Second Avenue, North, Nashville, Tennessee 37201, on behalf of Derivative Plaintiffs; and Lewis F. Murphy, P.A., Steel Hector & Davis LLP, 200 S. Biscayne Blvd., #4000, Miami, Florida 33131 and Jeffrey A. Blaker, Esq., Conroy, Simberg, Ganon, et al., 1801 Centrepark Drive East, Suite 200, West Palm Beach, Florida 33401 on behalf of the Defendants. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Members of the Class do not need to appear at the hearing or take any other action to indicate their approval.

14.     Pending final determination of whether the Settlement should be approved, the Lead Class Plaintiffs, all members of the Class, Derivative Plaintiffs, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Party.

15.     If: (a) the Settlement is terminated by Defendants pursuant to ¶25 of the Stipulation; (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and the satisfaction of such condition is not waived in writing by Plaintiffs' Lead Counsel and Counsel for

the Defendants; (c) the Court rejects, in any respect, the Order and Final Judgment in substantially the form and content annexed to the Stipulation as Exhibit B and/or Plaintiffs' Lead Counsel and Counsel for the Defendants fail to consent to the entry of another form of order in lieu thereof; (d) the Court rejects the Stipulation, including any amendment thereto approved by Plaintiffs' Lead Counsel and Counsel for the Defendants; or (e) the Court approves the Stipulation, including any amendment thereto approved by Plaintiffs' Lead Counsel and Counsel for the Defendants, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Order certifying the Class and the Class Representatives for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to the execution of the Stipulation and any portion of the Settlement Amount previously paid by the Defendants together with any interest earned thereon, less costs of administration actually incurred and paid or payable shall be returned to the Defendants.

16.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DONE AND ORDERED at Fort Lauderdale, Florida, this _____ day of _____, 2004.

_____
Honorable William J. Zloch
Chief United States District Judge

COPIES FURNISHED TO:
All counsel of record noted
on the attached service list

## SERVICE LIST

**VIANALE & VIANALE LLP**
Kenneth J. Vianale
Julie Prag Vianale
5355 Town Center Road, Suite 801
Boca Raton, FL 33486
Tel: (561) 391-4900
Fax: (561) 368-9274

**SHALOV STONE & BONNER LLP**
Ralph M. Stone
485 Seventh Avenue, Suite 1000
New York, NY 10018
Tel:     (212) 239-4340
Fax:     (212) 239-4310

**CONROY, SIMBERG, GANON,**
 **KREVANS & ABEL, P.A.**
Jeffrey A. Blaker, Esq.
1801 Centrepark Drive East, Suite 200
West Palm Beach, FL 33401
Tel:     (561) 697-8088
Fax:     (561) 697-8664

**STEEL HECTOR & DAVIS LLP**
Lewis F. Murphy, P.A.
200 S. Biscayne Blvd., #4000
Miami, FL 33131
Tel:     (305) 577-2957
Fax:     (305) 577-7001

**LEE & AMTZIS, P.L.**
Eric Lee
5550 Glades Road, Suite 401
Boca Raton, FL 33431
Tel:     (561) 981-9988
Fax:     (561) 981-9980

**BARRETT JOHNSTON & PARSLEY**
George Barrett
217 Second Avenue, North
Nashville, TN 37201
Tel:     (615) 244-2202

**BRANSTETTER, KILGORE, STRANCH**
**& JENNINGS**
James G. Stranch
227 Second Avenue North
Nashville, TN 37201
Tel:     (615) 254-8801
Fax:     (615) 255-5419

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CONSOLIDATED CASE NO. 03-80596-CIV-ZLOCH

| | |
|---|---|
| FRANK BIELANSKY, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SALBERG & COMPANY, P.A., EDWARD STEELE, JOHN KLECHA, APRIL GREEN and THE SINGING MACHINE, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

## NOTICE OF PENDENCY OF CLASS ACTION,
## HEARING ON PROPOSED SETTLEMENT AND ATTORNEYS' FEE PETITION
## AND RIGHT TO SHARE IN SETTLEMENT FUND

TO:   ALL PERSONS WHO PURCHASED THE PUBLICLY-TRADED COMMON STOCK OF THE SINGING MACHINE COMPANY, INC. ("THE SINGING MACHINE") BETWEEN FEBRUARY 14, 2001 AND JUNE 27, 2003, INCLUSIVE (THE "CLASS").

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY PROCEEDINGS IN THIS ACTION. IF YOU ARE A CLASS MEMBER, YOU ULTIMATELY MAY BE ENTITLED TO RECEIVE BENEFITS PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED HEREIN.

CLAIMS DEADLINE: CLAIMANTS MUST SUBMIT PROOFS OF CLAIM, ON THE FORM ACCOMPANYING THIS NOTICE, POSTMARKED ON OR BEFORE _____, 2004.

EXCLUSION DEADLINE: REQUESTS FOR EXCLUSION MUST BE SUBMITTED POSTMARKED ON OR BEFORE _____, 2004.

SECURITIES BROKERS AND OTHER NOMINEES: PLEASE SEE INSTRUCTIONS ON PAGE ___ HEREIN.

Ex. 1 to Ex. A of Stipulation of Settlement

## SUMMARY OF SETTLEMENT AND RELATED MATTERS

**I.    Purpose of this Notice**

1.    This Notice is given pursuant to Rules 23 and 23.1 of the Federal Rules of Civil Procedure and an Order of the Court dated _____, 2004.  The purpose of this Notice is to inform you that this Action, and the proposed Settlement, will affect all Class Members' rights.  This Notice describes rights you may have under the proposed Settlement and what steps you may take in relation to this Action.  This Notice is not an expression of any opinion by the Court as to the merits of any claims or any defenses asserted by any party in this Action, or the fairness or adequacy of the proposed Settlement.

**II.    Statement of Plaintiff Recovery**

2.    Pursuant to the Settlement described herein, a Settlement Fund consisting of $1,275,000 million in cash, plus interest, and 400,000 shares of the common stock of The Singing Machine has been established.  Plaintiffs estimate that there were approximately 13.2 million shares of common stock traded during the Class Period which may have been damaged as a result of the alleged wrongdoing described at ¶¶13-15 below.  Plaintiffs estimate that the average recovery per damaged share of common stock under the Settlement is $0.11 per damaged share before deduction of Court-awarded attorneys' fees and expenses.  Depending on the number of claims submitted, when during the Class Period a Class Member purchased his or her publicly-traded common stock of The Singing Machine and whether those shares of common stock were held at the end of the Class Period or sold during the Class Period, and if sold, when they were sold, an individual Class Member may receive more or less than this average amount.

3.      Under the relevant securities laws, a claimant's recoverable damages are limited to the losses attributable to the alleged fraud. Losses which resulted from factors other than the alleged fraud are not compensable from the Settlement Fund. For purposes of the Settlement herein, a Class Member's distribution from the Net Settlement Fund will be governed by the proposed Plan of Allocation described below at ¶¶29-31 or such other Plan of Allocation as may be approved by the Court.

## III.   Statement of Potential Outcome of Case

4.      The parties disagreed on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if Class Plaintiffs were to have prevailed on each claim alleged. The issues on which the parties disagree include (i) whether Defendants violated any securities laws; (ii) whether any statement was misleading or any material facts were omitted; (iii) the appropriate economic model for determining the amounts by which The Singing Machine's common stock was allegedly artificially inflated (if at all) during the Class Period; (iv) the amounts by which The Singing Machine's publicly-traded common stock was allegedly artificially inflated (if at all) during the Class Period; (v) the effect of various market forces influencing the trading prices of The Singing Machine's publicly-traded common stock at various times during the Class Period; (vi) the extent to which external factors, such as general market and industry conditions, influenced the trading prices of The Singing Machine's publicly-traded common stock at various times during the Class Period; (vii) the extent to which the various matters that Class Plaintiffs alleged were materially false or misleading influenced (if at all) the trading prices of The Singing Machine's publicly-traded common stock at various times during the Class Period; (viii) the extent to which the various allegedly adverse material facts that Class Plaintiffs alleged were omitted

-3-

influenced (if at all) the trading prices of The Singing Machine's publicly-traded common stock at various times during the Class Period; and (ix) whether the statements made or facts allegedly omitted were material or otherwise actionable under the federal securities laws.

5.     Plaintiffs' Lead Counsel consider that there was a substantial risk that the Class Plaintiffs and the Class might not have prevailed on all their claims.  Defendants had filed motions to dismiss the Complaint based on a variety of grounds, including the Safe Harbor provision of the Private Securities Litigation Reform Act ("PSLRA").  Lead Class Plaintiffs' Complaint was subject to the heightened pleading standards of the PSLRA, including stringent standards that are applied to allegations of defendants' intend to defraud, or scienter.  There was a substantial risk that Lead Class Plaintiffs' Complaint might have been dismissed.  Even if Lead Class Plaintiffs were successful in opposing Defendants' motion to dismiss, The Singing Machine was in uncertain financial condition, and there could be no assurance that continued litigation against The Singing Machine would be fruitful for the Class from a financial point of view.  Therefore, Lead Class Plaintiffs and the Class could have recovered nothing or substantially less than the amount of the Settlement.

6.     Plaintiffs' Lead Counsel believe that if they had proceeded to trial, they may have prevailed on liability, however, the potential for a recovery at trial was tempered by their analysis of several risk factors which favored the settlement of this action.  Those included some uncertainty as to Lead Class Plaintiffs' ability to establish that defendants acted with scienter -- actual knowledge or severe recklessness under <u>Bryant v. Avado Brands, Inc.</u>, 187 F. 3d 1271, 1286 (11th Cir. 1999), and the risk of appeal.

7.      The Defendants deny that they are liable to the Class Plaintiffs or the Class and deny that Class Plaintiffs or the Class have suffered any damages.

**IV.     Statement of Attorneys' Fees and Costs Sought**

8.      Plaintiffs' Lead Counsel intend to apply for fees of up to thirty percent (30%) of the Gross Settlement Fund.  In addition, Plaintiffs' Lead Counsel intend to request reimbursement of expenses incurred in connection with the prosecution of this Action in the approximate amount of up to $250,000.  The requested fees and expenses would amount to an average of $0.4 per damaged common share.  Plaintiffs' Lead Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery.

**V.     Further Information**

9.      Further information regarding the Action and this Notice may be obtained by contacting Plaintiffs' Lead Counsel:  Kenneth J. Vianale, Esq., Vianale & Vianale LLP, The Plaza, Suite 801, 5355 Town Center Road, Boca Raton, Florida, 33486, Telephone (561) 391-4900 or Lee Shalov, Esq., Shalov Stone & Bonner LLP, 485 Seventh Avenue, Suite 1000, New York, New York 10018, Telephone (212) 239-4340.

**VI.     Reasons for the Settlement**

10.     The principal reason for the Settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

## NOTICE OF SETTLEMENT FAIRNESS HEARING

11.     NOTICE IS HEREBY GIVEN, pursuant to Rules 23 and 23.1 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Florida, Miami Division (the "Court") dated _____, 2004, that a hearing will be held before the Honorable William J. Zloch in the United States Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida, 33301, at ___:_____ ___.m., on _____, 2004 (the "Settlement Fairness Hearing") to determine: (i) whether a proposed settlement (the "Settlement") of the above-captioned action (the "Action") as set forth in the Stipulation and Agreement of Settlement dated _____, 2004 (the "Stipulation"), is fair, reasonable and adequate and to consider the proposed Plan of Allocation for the Settlement proceeds and to consider whether the Settlement Shares to be issued pursuant to the Settlement should be exempt from registration with the Securities and Exchange Commission pursuant to Section 3(a)(10) of the Securities Act of 1933, 15 U.S.C. §§77c(a)(10) and may be distributed to Class Members as freely tradable securities, and to consider the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses; and (ii) whether a proposed settlement of all derivative claims asserted against Defendants in <u>Bonde v. Edward Steele, et al.</u>, Case No. 03-61386 and <u>DeAngelis v. Edward Steele, et al.</u>, Case No. 03-61854 (the "Derivative Action"), consolidated with this Action, should be approved.

12.     The Court, by Preliminary Order In Connection With Settlement Proceedings, dated _____, 2004, has certified a plaintiff class for purposes of this Settlement consisting of all persons who purchased the publicly-traded common stock of The Singing Machine Company, Inc., between February 14, 2001 and June 27, 2003, inclusive (the "Class"). Excluded from the Class are the Defendants, members of the immediate family of each of the Individual Defendants,

any subsidiary or affiliate of The Singing Machine or Salberg & Company, P.A., and the directors, officers and employees of The Singing Machine or their subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person.  Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in this Notice.

## BACKGROUND OF THE LITIGATION

13.     The Singing Machine distributes and markets electronic Karaoke audio equipment which plays backing tracks of popular songs and records the vocal accompaniment.  The Singing Machine also produces and markets karaoke audio software.

14.     Lead Class Plaintiffs alleged in their Consolidated Amended Class Action Complaint dated November 21, 2003 filed in the Action (the "Consolidated Complaint"), among other things, that Defendants issued false and misleading press releases and other statements regarding The Singing Machine's financial condition during the Class Period -- February 14, 2001 through and including June 27, 2003 -- in a scheme to artificially inflate the value of The Singing Machine's common stock, thereby violating Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder and that Lead Class Plaintiffs and other Class Members purchased the common stock of The Singing Machine during the Class Period at prices artificially inflated as a result of the Defendants' conduct.  The Complaint alleged that the Singing Machine failed to properly reserve for the probability of paying taxes on profits in Hong Kong, where it maintained a subsidiary, if the Singing Machine were not granted an exemption by Hong Kong's Inland Revenue Department.  The Consolidated Complaint also alleges, among other things, that The

-7-

Singing Machine overstated reported consolidated net income by failing to pay taxes to U.S. authorities on $5.7 million of unpaid inter-company "loans" from its Hong Kong subsidiary to its U.S. parent.

15.     Motions to dismiss the Consolidated Complaint were filed by all of the Defendants. Those motions were fully submitted when counsel for all parties informed the Court that a settlement in principle had been reached.

## BACKGROUND TO THE SETTLEMENT

16.     The Defendants (as defined below) have denied all allegations of wrongdoing or liability in the Action and all other accusations of wrongdoing or violations of law. The Stipulation is not and shall not be construed or be deemed to be evidence or an admission or a concession on the part of any of the Defendants of any fault or liability or damages whatsoever, and Defendants do not concede any infirmity in the defenses which they have asserted or intended to assert in the Action.

17.     Prior to entering into the Stipulation, Plaintiffs' Lead Counsel conducted a thorough investigation relating to the events and transactions underlying Plaintiffs' claims, including, The Singing Machine's possible liability for unpaid taxes to the Hong Kong and U.S. taxing authorities. Plaintiffs' Lead Counsel's decision to enter into this Settlement was made with knowledge of the facts and circumstances underlying Lead Class Plaintiffs' claims and the strengths and weaknesses of those claims. In determining to settle the Action, they have evaluated the extensive pre-trial investigation undertaken in the Action and taken into account the substantial expense and length of time necessary to prosecute the Action through trial, post-trial motions, and likely appeals, taking into consideration the significant uncertainties in predicting the outcome of this complex litigation. Plaintiffs' Lead Counsel believe that the Settlement described herein confers very substantial

benefits upon the Class. Based upon their consideration of all of these factors, Lead Class Plaintiffs and their counsel have concluded that it is in the best interest of the Class to settle the Action on the terms described herein.

18.     Lead Class Plaintiffs recognized the uncertainty and the risk of the outcome of any litigation, especially complex litigation such as this, and the difficulties and risks inherent in the trial of such an action. Lead Class Plaintiffs desired to settle the claims against Defendants on the terms and conditions described herein which provide substantial benefits to the Class. Plaintiffs' Lead Counsel deem such settlement to be fair, reasonable and adequate, and in the best interests of the members of the Class.

19.     The Defendants, while continuing to deny all allegations of wrongdoing or liability whatsoever, recognize that continued litigation would be protracted and expensive and, therefore, desired to settle and terminate all existing or potential claims against them, without in any way acknowledging any fault or liability.

20.     The amount of damages, if any, that Lead Class Plaintiffs could prove was also a matter of serious dispute, and the Settlement's use of a Recognized Claim formula for distributing the Settlement proceeds does not constitute a finding, admission or concession that provable damages could be measured by the Recognized Claim formula. No determination has been made by the Court as to liability or the amount, if any, of damages suffered by the Class, nor on the proper measure of any such damages. The determination of damages, like the determination of liability, is a complicated and uncertain process, typically involving conflicting expert opinions. During the course of the Action, Defendants, in addition to denying any liability, disputed that Lead Class Plaintiffs and the Class were damaged by any wrongful conduct on the part of Defendants. The

Settlement herein provides an immediate and substantial cash benefit and avoids the risks that liability or damages might not have been proven at trial.

21.     The Court has not determined the merits of the Lead Class Plaintiffs' claims or the defenses thereto. This Notice does not imply that there has been or would be any finding of violation of the law or that recovery could be had in any amount if the Action were not settled.

## TERMS OF THE SETTLEMENT

22.     (a) In full and complete settlement of the claims which have or could have been asserted in this Action, and subject to the terms and conditions of the Stipulation, Defendants will pay into escrow on behalf of Plaintiffs and the Class, $1,275,000, plus 400,000 shares of common stock of The Singing Machine (the "Class Settlement Amount").

(b)     In addition, as part of a settlement of the Derivative Action filed on behalf of The Singing Machine against the Individual Defendants and others, The Singing Machine will adopt certain corporate governance measures:

i.     to increase the Board of Directors of The Singing Machine (the "Board") to 6 members;

ii.     to ensure that independent directors comprise two-thirds of the Board;

iii.     to adopt standard for independence used by NYSE for directors and audit committees rather than the AMEX standard;

iv.     to provide for a Lead Independent Director to be elected at first meeting of independent directors, who will also serve as Chair of full Board after Board ratification;

v.     to provide that the Lead Independent Director/Chair will have responsibilities for (i) setting the schedule of Board meetings; (ii) direct input into Board agenda;

-10-

(iii) selecting members of Board committees; (iv) input as to Board committee agenda; (v) reviewing the quality of information received from management to the Board; (vi) recommending consultants to the Board; (vii) assuring Board oversight of management's compliance with Board policies and (viii) evaluating the performance of the CEO with the full Board sitting as Compensation Committee;

      vi.    to ensure that all Board committees will have majority of independent directors and that the Audit Committee will include at least one member with an accounting background;

      vii.    to pass an amendment to the By-Laws of the Board to create 6-year term limits for non-executive Lead Independent Director/Chair effective as of 2003 annual meeting;

      viii.    to pass an amendment to the By-Laws of the Board setting 10-year term for all directors effective as of 2003 annual meeting;

      ix.    to pass an amendment to the By-Laws of the Board to require directors to use 25% of annual fee to buy SMC stock at full prices.  Such purchases shall be either open market purchases (subject to all window requirements) or fixed periodic purchase from the Company at full market prices at the applicable time.  All stock acquired in satisfaction of the mandatory investment program shall be held until a date which shall not be less than six months following the termination of a directorship other than in the event of death or disability, in which case resale restrictions should lapse immediately;

      x.    to provide that, so long as the Singing Machine remains a publicly-traded company, it shall engage an independent auditing firm to perform an annual audit of its financial statements.  A written report of the results of each annual audit, including any findings,

-11-

opinions or recommendations by the independent auditor shall be provided to the Chief Executive Officers ("CEO"), the Chief Operating Officer ("COO"), the Chief Financial Officer ("CFO"), if position is filled, and the Audit Committee of the Board for review and remedial action, if necessary. At least annually the Audit Committee of the Board and the Company's auditor shall meet in executive session regarding any material changes in the Singing Machine's business and financial statements. The Audit Committee shall issue a directive to all employees encouraging any employee to report to the Audit Committee any matter which the employee believes involves the improper reporting of the financial performance of the Singing Machine;

xi.     to provide that the Singing Machine shall rotate its independent auditing firm every ten years and that the Company will not obtain consulting (i.e., non-audit services) from the same independent auditing firm that contemporaneously audits The Singing Machine's financial statements and/or financial results. Further, the Company shall prohibit the providing of any internal audit function by the Company's independent auditing firm. The Singing Machine shall also establish a policy prohibiting the hiring of any employee of the Company's independent auditing firm to serve as the CEO, CFO and/or COO of the Company. Similarly, The Singing Machine policy shall prohibit the hiring as auditor any independent auditing firm if the company did, in fact, hire as its CEO, CFO and/or COO an employee or former employee within the prior two years;

xii.    to adopt a written policy prohibiting excessive fraternization between Company personnel and auditor personnel. In addition, The Singing Machine policy shall prohibit the giving or receiving of gifts of more than nominal value between Company personnel and auditor personnel;

-12-

xiii.    to adopt a Board level policy providing internal controls and policies prohibiting The Singing Machine from entering into agreements with any director or officer of the Company, or any person or entity controlled or affiliated with them, for the provision of goods and services, to The Singing Machine without approval by a majority of the directors and the opinion of an outside expert that the agreement with the director or officer is on equal or better terms than those otherwise available;

xiv.    to provide that Board committees shall have standing authorization, on their own decision, to retain legal or other advisors of their choice, who shall report directly to the Board or Committee;

xv.    to provide that the Board sitting as the Executive Compensation/Stock Option Committee shall set annual and long-term performance goals for the CEO. The Board sitting as the Executive Compensation Option Committee shall meet annually to evaluate the CEO's performance against such goals and determine compensation adjustments based on whether these goals have been achieved. The Board sitting as the Executive Compensation/Stock Option Committee shall meet at least once each calendar year in executive session without the CEO. The Board sitting as the Executive Compensation/Stock Option Committee shall adopt, with Board of Director approval, a resolution setting forth the following compensation principles: (a) compensation arrangements shall emphasize pay for performance and encourage retention of those employees who enhance the Company's performance; (b) compensation arrangements shall promote ownership of the Company's stock to align the interests of management, directors and stockholders; (c) in approving compensation, the recent compensation history of the executive, including special or unusual compensation payments, shall be taken into consideration; (d) cash incentive compensation

-13-

plans for senior executives shall link pay to achievement of financial goals set by the Board; (e) the Board sitting as the Executive Compensation/Stock Option Committee shall review the compensation of directors annually; (f) the Company's proxy statement shall report that compensation awards were made in accordance with their requirements;

       xvi.    to provide that the Board shall appoint a risk manager and shall receive periodic developed reports on litigation from the risk manager.  The Board will provide meaning oversight of all significant litigation;

       xvii.    to provide that the CFO shall be responsible for ensuring that the Company's revenue recognition policy, which conforms to the requirements of Generally Accepted Accounting Principles as currently in effect or as amended, is implemented and utilized throughout the Company.  The CFO shall report to the Board on a semi-annual basis regarding the implementation and operation of this policy.  The CFO shall distribute the Company's revenue recognition policy to each Company employee who records or reviews the recording of revenue. Any questions regarding that policy, or its application, shall be directed to the Company's CFO;

       xviii.    to provide in writing that the full Board will function as a Corporate Governance and Nominating Committee;

       xix.    to amend By-Laws of the Board to allow: (1) shareholders with an aggregate 10% of shares outstanding to be able to nominate a candidate for director, with the requirement that any such nominee, if not accepted as a nominee of the Board of Directors, will appear on The Singing Machine's Proxy as a candidate with the designation "Shareholder Nominated"; (2) Shareholders with an aggregate 10% of shares outstanding to be able to call a

-14-

special meeting of shareholders; (3) a majority of shareholders voting at any annual or special meeting to be able to remove a director, with or without cause;

        xx.    to adopt a written insider trading policy to be signed by each executive officer and director.  The policy should include penalties, including termination of employment for any violation of the policy.  Violations of the policy shall be reportable by the Company to the SEC;

        xxi.    to adopt a written policy prohibiting the extension loans and other credit by the Company to its officers and/or directors.

        (c)    If the Derivative Action and the Class Settlement are approved, attorneys' fees, costs and interest shall be paid to Derivative Settlement Counsel (the law firm of Barrett, Johnston & Parsley) of up to a maximum of $150,000.

23.    Pursuant to the Settlement, and on the Effective Date, Lead Class Plaintiffs and other members of the Class and Derivative Plaintiffs, on behalf of themselves, their heirs, executors, administrators, successors and assigns, and any persons they represent shall release and forever discharge, and shall forever be enjoined from prosecuting, the Released Parties (defined below) with respect to each and every Settled Claim (defined below).

24.    The "Defendants" include the following, each of whom will be released from all Settled Claims:  The Singing Machine Company, Inc., Edward Steele, John F. Klecha, April J. Green, Josef A. Bauer, Howard W. Moore, Jack S. Dromgold, Robert J. Weinberg and Salberg & Company, P.A.  In addition, the Settlement will release all Class Members' Settled Claims against the Defendants and their current and former directors, officers, employees, attorneys, insurers, reinsurers, accountants, underwriters, financial advisors, investment bankers, agents, predecessors, successors,

-15-

parents, subsidiaries, affiliates, heirs, administrators, executors and assigns (collectively, the "Released Parties").

25.    a.    "Settled Claims" means any and all claims, rights or causes of action, damages, losses or liabilities whatsoever, whether based on federal, state, local, statutory or common law or equity or any other law, rule or regulation, including both known claims and unknown claims, that have been or could have been asserted in any forum by the Class Plaintiffs, Derivative Plaintiffs, Class Members or any of them against any of the Released Parties which arise out of or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that could have been asserted in the Complaints and Consolidated Complaint or otherwise relating to the purchase of shares of the common stock of The Singing Machine or its operations during the Class Period on the defense of the Action.

b.    In addition, Section 1542 of the Civil Code of the State of California provides that a general release does not extend to claims which a creditor does not know or suspect to exist in his, her, or its favor at the time of executing the release, which if known by him, her, or it must have materially affected his settlement with the debtor. To the extent that, notwithstanding the choice of law provisions in the Settlement Agreement, California or other law may be applicable, "Settled Claims" includes the acknowledgment that the provisions of Section 1542 and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction which may be applicable herein, are hereby knowingly and voluntarily waived and relinquished. This is an essential term of this Settlement. Despite the fact that Class Members may discover claims presently unknown or suspected or facts in addition to or different from those which they now know or believe to be true with respect to the matters released herein; nevertheless, it is the intention of the Settlement to finally

-16-

and forever to settle and release all such matters, and all claims relating thereto, which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action).

26.     If the Settlement is approved by the Court, the Action and the Derivative Action will be dismissed on the merits and with prejudice as to all Class Members and all Class Members shall be forever barred from prosecuting a class action or any other action raising any Settled Claims against any Released Party.

27.     The Stipulation provides that the Defendants may withdraw from and terminate the Settlement in the event that in excess of a certain amount of claimants exclude themselves from the Class.

28.     The Settlement will become effective at such time as an Order entered by the Court approving the Settlement shall become final and not subject to appeal (the "Effective Date").

## PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS AMONG CLASS MEMBERS

29.     The $1,275,000 (the "Cash Settlement Amount") and the interest earned thereon and the 400,000 shares of the common stock of The Singing Machine (the "Stock Settlement Amount") shall be the Gross Settlement Fund. The Gross Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit acceptable Proofs of Claim ("Authorized Claimants").

30.     The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to

-17-

Authorized Claimants pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The following Plan of Allocation reflects Lead Class Plaintiffs' contention that the price of The Singing Machine's common stock was artificially inflated by approximately one-third during the entire Class Period, February 14, 2001 through and including The Singing Machine's disclosure made during the trading day on June 27, 2003 when the true facts about The Singing Machine were disclosed and the price was no longer allegedly artificially inflated.

31.     An Authorized Claimant's "Recognized Claim" shall mean the amount determined in accordance with the following formula. For shares of the common stock of The Singing Machine purchased during the Class Period, and:

a.     Sold at a loss on or before June 26, 2003, the end of the Class Period, an Authorized Claimant's "Recognized Claim" shall mean the Total Purchase Price Paid (including commissions, etc.) for such shares, less the Total Sales Proceeds Received (net of commissions, etc.) for such shares, times one-third;

b.     Sold at a loss on June 27, 2003 at a price of $3.60 or more an Authorized Claimant's "Recognized Claim" shall mean the Total Purchase Price Paid (including commissions, etc.) for such shares, less the Total Sales Proceeds Received (net of commissions, etc.) for such shares, times one-third;

c.     Sold at a loss on June 27, 2003 at a price of less than $3.60 an Authorized Claimant's "Recognized Claim" shall mean *the lesser of (a)* the Total Purchase Price Paid (including commissions, etc.) for such shares, less the Total Sales Proceeds Received (net of commissions, etc.)

-18-

for such shares, times one-third, *or (b)* one-third of the Total Purchase Price Paid (including commissions, etc.) for such shares;

        d.    <u>Held as of the close of trading on June 26, 2003, the end of the Class Period</u> an Authorized Claimant's "Recognized Claim" shall mean one-third of the Total Purchase Price Paid (including commissions, etc.) for such shares.

        32.    Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his, her or its Recognized Claim compared to the Total Recognized Claims of all accepted claimants.

        33.    Purchases or other acquisitions during the Class Period will be matched against sales during the Class Period on a First-In-First-Out basis. Transactions resulting in a gain shall not be included. Class Members who do not file acceptable Proofs of Claim will not share in the settlement proceeds. Class Members who do not either file a request for exclusion or file acceptable Proofs of Claim will nevertheless be bound by the Order and Final Judgment and the Settlement.

        34.    To the extent a Claimant had a gain from his, her or its overall transactions in The Singing Machine's common stock during the Class Period, the value of the Recognized Claim will be zero. To the extent that a Claimant suffered an overall loss on his, her or its overall transactions in The Singing Machine's common stock during the Class Period, but that loss was less than the Recognized Claim calculated pursuant to the provisions of paragraph 31 above, then the Recognized Claim shall be limited to the amount of the actual loss.

        35.    For purposes of determining whether a Claimant had a gain from his, her or its overall transactions in The Singing Machine's common stock during the Class Period or suffered a loss, the Claims Administrator shall: (i) total the amount paid for all common stock of The Singing Machine

-19-

purchased during the Class Period by the claimant (the "Total Purchase Amount"); (ii) match any sales of common stock of The Singing Machine during the Class Period first against the Claimant's opening position in the stock (the proceeds of those sales will not be considered for purposes of calculating gains or losses); (iii) total the amount received for sales of the remaining shares of the common stock of The Singing Machine sold during the Class Period (the "Sales Proceeds"); (iv) ascribe a holding value equal to the closing price of the common stock of The Singing Machine on June 27, 2003, the day following the last day of the Class Period (i.e., $3.60) times the number of shares of the common stock of The Singing Machine purchased during the Class Period and still held at the end of the Class Period ("Holding Value"). The difference between (i) the Total Purchase Amount and the (ii) sum of the Sales Proceeds and Holding Value, will be deemed a Claimant's gain or loss on his, her or its overall transactions in the common stock of The Singing Machine during the Class Period.

36.     Checks will be distributed to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Lead Counsel.

## THE RIGHTS OF CLASS MEMBERS

37.     The Court has certified this Action to proceed as a class action. If you purchased the publicly-traded common stock of The Singing Machine between February 14, 2001 and June 27, 2003 and you are not excluded by the definition of the Class and do not elect to exclude yourself, then you are a Class Member. Class Members have the following options pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure:

a.     If you wish to remain a member of the Class, you may share in the proceeds of the Settlement, provided that you submit an acceptable Proof of Claim. Class Members will be represented by the Lead Class Plaintiffs and their counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file an appearance on your behalf on or before _____, 2004, and must serve copies of such appearance on the attorneys listed in ¶45 below.

b.     If you do not wish to remain a member of the Class, you may exclude yourself from the Class by following the instructions in ¶43 below. Persons who exclude themselves from the Class will **NOT** receive any share of the Settlement proceeds and will not be bound by the Settlement.

c.     If you object to the Settlement or any of its terms, or to Plaintiffs' Counsel's application for fees and expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in ¶45 below.

-21-

## SUBMISSION AND PROCESSING OF PROOFS OF CLAIM

38.     In order to be eligible to receive any distribution from the Settlement Fund, you must complete and sign the attached Proof of Claim and Release form and send it by first class mail postmarked on or before _____, 2004, addressed as follows:

> In re The Singing Machine Securities Litigation
> c/o Gilardi & Co. LLC
> Claims Administrator
> Post Office Box 5100
> Larkspur, CA 94977-5100

39.     If you do not submit a proper Proof of Claim form, you will not be entitled to any share of the Settlement Fund.

40.     If you are a member of the Class and you do not properly exclude yourself, you will be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action, even if you do not submit a Proof of Claim.  If you exclude yourself from the Class, you will not be bound by the judgment but you will not be entitled to any share of the Settlement Fund.

41.     All Proofs of Claim must be submitted by the date specified in this Notice unless such period is extended by Order of the Court.

42.     Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of Florida with respect to his, her or its Proof of Claim.

## EXCLUSION FROM THE CLASS

43.     Each Member of the Class shall be bound by all determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such person shall mail, by first class mail, a written request for exclusion from the Class, postmarked no later than _____, 2004, addressed to The Singing Machine Securities Litigation Exclusions, c/o

Gilardi & Co. LLC, P.O. Box 5100, Larkspur, CA 94977-5100. No person may exclude himself from the Class after that date. In order to be valid, each such request for exclusion must set forth the name and address of the person or entity requesting exclusion, must state that such person or entity "requests exclusion from the Class in The Singing Machine Securities Litigation, Case No. 03-80596-CIV-ZLOCH" and must be signed by such person or entity. Persons and entities requesting exclusion are required to also provide the following information: their telephone number, the date(s), price(s), and number(s) of shares of all purchases and sales of The Singing Machine publicly-traded common stock during the Class Period. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

## SETTLEMENT FAIRNESS HEARING

44.     At the Settlement Fairness Hearing, the Court will determine whether to finally approve this Settlement and dismiss the Action and the Derivative Action and the claims of the members of the Class and the Derivative Plaintiffs. The Court will also determine whether the Plan of Allocation for the Settlement proceeds is fair and reasonable. The Settlement Fairness Hearing may be adjourned from time to time by the Court without further written notice to the Class. If you intend to attend the Settlement Fairness Hearing, you should confirm the date and time with Plaintiffs' Lead Counsel. If the Settlement is approved, the Court will also consider the application of Plaintiffs' Counsel for attorneys' fees.

45.     At the Settlement Fairness Hearing, any Class Member who has not properly submitted a request for exclusion from the Class may appear in person or by counsel and be heard to the extent allowed by the Court in opposition to the fairness, reasonableness and adequacy of the Settlement,

the Plan of Allocation, or the application for an award of attorneys' fees and reimbursement of

expenses, provided, however, that in no event shall any person be heard in opposition to the

Settlement, the Plan of Allocation, or Plaintiffs' Counsel's application for attorneys' fees and

expenses and in no event shall any paper or brief submitted by any such person be accepted or

considered by the Court, unless, on or before _____, 2004, such person (a) files with the

Clerk of the Court notice of such person's intention to appear, showing proof of such person's

membership in the Class, and providing a statement that indicates the basis for such opposition, along

with any documentation in support of such objection, and (b) simultaneously serves copies of such

notice, proof, statement and documentation, together with copies of any other papers or briefs such

person files with the Court, in person or by mail upon:

Plaintiffs' Lead Counsel:

Kenneth J. Vianale, Esq.
VIANALE & VIANALE LLP
The Plaza, Suite 801
5355 Town Center Road
Boca Raton, FL  33486
(561) 361-5000

Lee Shalov, Esq.
SHALOV STONE & BONNER LLP
485 Seventh Avenue, Suite 1000
New York, NY 10018
(212) 239-4340

Derivative Settlement Counsel:

George Barrett, Esq.
Barrett Johnston & Parsley
217 Second Avenue, North
Nashville, TN 37201

and upon Defendants' Counsel:

Lewis F. Murphy, P.A.
STEEL HECTOR & DAVIS LLP
200 S. Biscayne Blvd., #4000

Miami, FL 33131
(305) 577-7000

-24-

Jeffrey A. Blaker, Esq.
CONROY, SIMBERG, GANON, et al.
1801 Centrepark Drive East, Suite 200
West Palm Beach, FL 33401
(561) 697-8088

## ATTORNEYS' FEES AND DISBURSEMENTS

46.     At the Settlement Fairness Hearing or at such other time as the Court may direct, Plaintiffs' Lead Counsel intend to apply to the Court for an award of attorneys' fees from the Settlement Fund in the amount of thirty-percent (30%) of the Gross Settlement Fund. Plaintiffs' Lead Counsel also intend to request reimbursement of their expenses up to a maximum amount of $250,000, plus interest at the same rate as earned by the Settlement Fund. Derivative Settlement Counsel will also seek attorneys' fees, costs and interest up to a maximum of $150,000. Plaintiffs' Lead Counsel, without further notice to the Class, may subsequently apply to the Court for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the members of the Class.

## FURTHER INFORMATION

47.     For a more detailed statement of the matters involved in this Action, reference is made to the pleadings, to the Stipulation, to the Orders entered by the Court and to the other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of Florida, Fort Lauderdale Division, United States Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida, 33301, during regular business hours.

48.     ALL INQUIRIES CONCERNING THIS NOTICE OR THE PROOF OF CLAIM FORM BY CLASS MEMBERS SHOULD BE MADE TO THE CLAIMS ADMINISTRATOR IN WRITING AT THE ADDRESS INDICATED BELOW.

**SPECIAL NOTICE TO**
**SECURITIES BROKERS AND OTHER NOMINEES**

49.     If you purchased the publicly-traded common stock of The Singing Machine between February 14, 2001 and June 27, 2003 for the beneficial interest of a person or organization other than yourself, the Court has directed that, within seven (7) days of your receipt of this Notice, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such stock during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of the common stock referred to herein.  If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation.

50.     All communications concerning the foregoing should be addressed to the Claims Administrator:

In re The Singing Machine Securities Litigation
c/o Gilardi & Co. LLC
Claims Administrator
P.O. Box 5100
Larkspur, CA 94977-5100
(800) 654-5763

Dated:    Fort Lauderdale, Florida,         _____, 2004

                                           By Order of the Court
                                         CLERK OF THE COURT

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CONSOLIDATED CASE NO. 03-80596-CIV-ZLOCH

FRANK BIELANSKY, on behalf )
of himself and all others similarly )
situated, )
                     )
            Plaintiff, )
                     )
vs. )
                     )
SALBERG & COMPANY, P.A., )
EDWARD STEELE, JOHN )
KLECHA, APRIL GREEN and )
THE SINGING MACHINE, INC., )
                     )
          Defendants. )
                     )

## PROOF OF CLAIM AND RELEASE

DEADLINE FOR SUBMISSION: _____, 2004.

IF YOU PURCHASED THE PUBLICLY-TRADED COMMON STOCK OF THE SINGING MACHINE COMPANY, INC. ("THE SINGING MACHINE") BETWEEN FEBRUARY 14, 2001 AND JUNE 27, 2003 INCLUSIVE (THE "CLASS"), YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE CLASS ARE THE DEFENDANTS, MEMBERS OF THE IMMEDIATE FAMILY OF EACH OF THE INDIVIDUAL DEFENDANTS, ANY SUBSIDIARY OR AFFILIATE OF THE SINGING MACHINE AND SALBERG & CO., P.A. ("SALBERG & CO."), AND THE DIRECTORS, OFFICERS AND EMPLOYEES OF THE SINGING MACHINE AND SALBERG & CO. OR THEIR SUBSIDIARIES OR AFFILIATES, OR ANY ENTITY IN WHICH ANY EXCLUDED PERSON HAS A CONTROLLING INTEREST, AND THE LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS AND ASSIGNS OF ANY EXCLUDED PERSON. ALSO EXCLUDED FROM THE CLASS ARE ANY PUTATIVE CLASS MEMBERS WHO EXCLUDE THEMSELVES BY FILING A REQUEST FOR EXCLUSION IN ACCORDANCE WITH THE REQUIREMENTS SET FORTH IN THE NOTICE OF PENDENCY OF CLASS ACTION.)

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

Ex. 2 to Ex. A of Stipulation of Settlement

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____, 2004 TO THE FOLLOWING ADDRESS:

>   In re The Singing Machine Securities Litigation
>   c/o Gilardi & Co. LLC
>   Claims Administrator
>   Post Office Box 5100
>   Larkspur, CA 94977-5100

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 2004 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS LITIGATION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

     i.      I purchased the publicly-traded common stock of The Singing Machine Company, Inc. ("The Singing Machine") between February 14, 2001 and June 27, 2003, inclusive.  (Do not submit this Proof of Claim if you did not purchase The Singing Machine publicly-traded common stock during this period).

     ii.      By submitting this Proof of Claim, I state that I believe in good faith that I am a Class Member as defined above and in the Notice of Pendency of Class Action, Hearing on Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund (the "Notice"), or am acting for such person; that I am not a Defendant in the Action or anyone excluded from the Class; that I have read and understand the Notice; that I believe that I am entitled to receive a share of the Net Settlement Fund; that I elect to participate in the proposed Settlement described in the Notice; and that I have not filed a request for exclusion.  (If you are acting in a representative capacity on behalf of a Class Member (e.g., as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member.  Such

evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

      iii.     I have set forth where requested below all relevant information with respect to my opening and closing positions and each purchase of The Singing Machine publicly-traded common stock during the Class Period, and each sale, if any, of such common stock.

      iv.     I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, relevant portions of my tax returns or other documents evidencing each purchase, sale or retention of The Singing Machine publicly-traded securities listed below in support of my claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

      v.     I understand that the information contained in this Proof of Claim is subject to such verification as the Court may direct, and I agree to cooperate in any such verification.

      vi.     Upon the occurrence of the Effective Date (as defined in the Notice) my signature hereto will constitute a full and complete release, remise and discharge by me or, if I am submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by my, its, his, her or their heirs, executors, administrators, successors, and assigns of each of the "Released Parties" of all "Settled Claims," as defined in the Notice.

vii.     Statement of Claim

Name(s) of Beneficial Owner(s):

_____
Name

_____
Name

_____
Street No.

_____     _____     _____
City                     State          Zip Code

(     ) _____          (     ) _____
Telephone No. (Day)          Telephone No. (Night)

_____
Employer I.D. No. or Social Security No.

Check one:
\_\_\_ Individual          \_\_\_ IRA Account
\_\_\_ Estate              \_\_\_ Trustee/Custodian
\_\_\_ Corporation         \_\_\_ Other _____(specify)

_____
Joint Owner's Name (if any)

## FOR COMMON STOCK PURCHASED DURING THE CLASS PERIOD:

viii.     At the close of business on June 27, 2003, I owned _____ shares of The Singing Machine common stock.

-4-

ix.   I made the following purchases of The Singing Machine common stock during the period February 14, 2001 through June 27, 2003, inclusive.  (Persons who received The Singing Machine common stock during the Class Period other than by purchase are not eligible to submit claims for those transactions.):

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased | Purchase Price Per Share of Common Stock | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $ _____ | $_____ |
| ____/____/_____ | _____ | $ _____ | $_____ |
| ____/____/_____ | _____ | $ _____ | $_____ |
| ____/____/_____ | _____ | $ _____ | $_____ |

x.   I made the following sales of The Singing Machine common stock during the period February 14, 2001 through June 27, 2003, inclusive:

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Sold | Sale Price Per Share of Common Stock | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $ _____ | $_____ |
| ____/____/_____ | _____ | $ _____ | $_____ |
| ____/____/_____ | _____ | $ _____ | $_____ |
| ____/____/_____ | _____ | $ _____ | $_____ |

xi.   At the close of business on June 27, 2003, I still owned _____ shares of The Singing Machine common stock.

xii.    Substitute Form W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).   For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

_____
Social Security Number (for individuals) or

_____
Employer Identification Number
(for estates, trusts, corporations, etc.)

-6-

xiii.    <u>Certification</u>

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORM IS TRUE, CORRECT AND COMPLETE.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because:  (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:        If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign)

_____
(Signature)

_____
(Signature)

Date: _____

THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN _____, 2004, AND MUST BE MAILED TO:

In re The Singing Machine Securities Litigation
c/o Gilardi & Co. LLC
Claims Administrator
Post Office Box 5100
Larkspur, CA 94977-5100

-7-

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2004, and if a postmark is indicated on the envelope and it is mailed first class, and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

If you wish to be assured that your Proof of Claim is actually received by the Claims Administrator, then you should send it by Certified Mail, Return Receipt Requested. No acknowledgment will be made as to the receipt of claim forms. You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CONSOLIDATED CASE NO. 03-80596-CIV-ZLOCH**

| | |
|---|---|
| FRANK BIELANSKY, on behalf of himself and all others similarly situated, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SALBERG & COMPANY, P.A., EDWARD STEELE, JOHN KLECHA, APRIL GREEN and THE SINGING MACHINE, INC., | ) ) ) ) |
| | ) |
| Defendants. | ) |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION,**
**PROPOSED SETTLEMENT AND SETTLEMENT HEARING**

TO:   ALL PERSONS WHO PURCHASED THE PUBLICLY-TRADED COMMON STOCK OF THE SINGING MACHINE COMPANY, INC. ("THE SINGING MACHINE") BETWEEN FEBRUARY 14, 2001 AND JUNE 27, 2003, INCLUSIVE (THE "CLASS").

YOU ARE HEREBY NOTIFIED, that the above-captioned action has been certified as a class action and that settlements for approximately $1,275,000 in cash and 400,000 shares of common stock of The Singing Machine have been proposed.  A hearing will be held before the Honorable William J. Zloch in the United States Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida 33301, at ____:_____ ___.m., on _____, 2004 to determine whether the proposed settlement of this class action and of related derivative actions should be approved by the Court as fair, reasonable, and adequate, and to consider the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses.

Ex. 3 to Ex. A of Stipulation of Settlement

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL

BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.

If you have not yet received the full printed Notice of Pendency of Class Action, Hearing on

Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund and a Proof

of Claim form, you may obtain copies of these documents by identifying yourself as a member of

the Class and by calling or writing to:

> In re The Singing Machine Securities Litigation
> c/o Gilardi & Co. LLC
> Claims Administrator
> Post Office Box 5100
> Larkspur, CA 94977-5100
> (800) 654-5763

Inquiries, other than requests for the forms of Notice and Proof of Claim, may be made to Plaintiffs'

Lead Counsel:

Kenneth J. Vianale, Esq.
VIANALE & VIANALE LLP
The Plaza, Suite 801
5355 Town Center Road
Boca Raton, FL  33486
(561) 361-5000

Lee Shalov, Esq.
SHALOV STONE & BONNER LLP
485 Seventh Avenue, Suite 1000
New York, NY 10018
(212) 239-4340


Plaintiffs' Derivative Counsel:

George E. Barrett, Esq.
BARRETT JOHNSTON & PARSLEY
217 Second Avenue, North
Nashville, TN 37201

To participate in the Settlement, you must submit a Proof of Claim no later than

_____, 2004. If you are a Class Member and do not exclude yourself from the Class,

-2-

you will be bound by the Order and Final Judgment of the Court.  To exclude yourself from the Class, you must submit a request for exclusion postmarked no later than _____, 2004. If you are a Class Member and do not submit a proper Proof of Claim, you will not share in the Settlement but you nevertheless will be bound by the Order and Final Judgment of the Court.

Further information may be obtained by directing your inquiry in writing to the Claims Administrator.

By Order of The Court

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CONSOLIDATED CASE NO. 03-80596-CIV-ZLOCH

| | |
|---|---|
| FRANK BIELANSKY, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SALBERG & COMPANY, P.A., EDWARD STEELE, JOHN KLECHA, APRIL GREEN and THE SINGING MACHINE, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER AND FINAL JUDGMENT

On this ____ day of ____, 2004, a hearing having been held before this Court to determine:

(1) whether the terms and conditions of the Stipulation and Agreement of Settlement, dated as of April ____, 2004 (the "Stipulation") are fair, adequate and reasonable for the settlement of all claims asserted by the Class against the Defendants in the Consolidated Amended Class Action Complaint (the "Consolidated Complaint") now pending in this Court under the above caption, including the release of the Defendants and the Released Parties and should be approved; (2) whether judgment should be entered dismissing the Consolidated Complaint and two derivative complaints (Bonde v. Edward Steele, et al., Case No. 03-61386, and DeAngelis v. Edward Steele. et al., 03-61853 (the "Derivative Complaint") on the merits and with prejudice in favor of the Defendants as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate

Ex. B to Stipulation of Settlement

the settlement proceeds among the members of the Class; and (4) whether and in what amount to award counsel for Lead Plaintiffs and the Class fees and reimbursement of expenses and to approve an award of fees and expenses to counsel for Derivative Plaintiffs. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that Notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased common stock of The Singing Machine during the period February 14, 2001 through and including June 27, 2003 (the "Class Period") as shown by the records of The Singing Machine's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of the Action, the Class Plaintiffs, all other Class Members, Derivative Plaintiffs and the Defendants.

2.      The Court finds the prerequisites to a class action under Fed.R.Civ.P. 23(a) and (b)(3) have been satisfied in that: (a)  the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b)  there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e)  the questions of law and fact common to the members of the Class predominate over any

questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.    Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies this action as a class action on behalf of Plaintiffs and all other persons or entities who purchased the common stock of defendant The Singing Machine during the period February 14, 2001 through June 27, 2003, inclusive. Excluded from the Class are the Defendants herein, and members of the immediate family of each of the Individual Defendants, any subsidiary or affiliate of The Singing Machine Company, Inc. ("The Singing Machine") and Salberg & Co., P.A. ("Salberg & Co.") and the directors, officers and employees of The Singing Machine and Salberg & Co. or their subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person. Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit A annexed hereto.

4.    A settlement should be approved under Rule 23(e) of the Federal Rules of Civil Procedure if the Court determines that it is "fair, adequate and reasonable and is not the product of collusion between the parties." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). In determining whether a settlement is fair, adequate and reasonable, the Court should consider the following factors: (1) the likelihood of success at trial; (2) the range of probable recovery; (3) the point at or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of the litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of the proceedings at which the settlement was achieved. *Bennett*, 737 F.2d at 986.

A.      The Court has considered the arguments made in Lead Plaintiffs' Memorandum of
Law in Support of the Proposed Settlement, as well as the Declaration of Kenneth J. Vianale in
Support of the Proposed Settlement and Plaintiffs' Counsel's Joint Application for Attorneys' Fees
and Reimbursement of Expenses.  After reviewing these submissions, the Court first finds that the
form and manner of notice sent to members to the Class was "reasonably calculated, under all the
circumstances, to apprise interested parties of the pendency of the action and afford them an
opportunity to present their objections," *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306,
314 (1950), and thus, satisfies due process and Rule 23(c) of the Federal Rules of Civil Procedure.
*See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974).

B.      The Court also finds that the Settlement was reached after Plaintiffs had access to
sufficient information to evaluate the case and determine the adequacy of the Settlement.  The
Settlement was reached following three settlement meetings among counsel, after which Plaintiffs'
counsel engaged in confirmatory discovery to determine the fairness and reasonableness of the
Settlement.

C.      The Court finds that the risks associated with proceeding to trial in this complex
securities litigation, particularly the risks associated with establishing scienter and causation favor
approval of the Settlement.  The likely duration and associated expenses of continued litigation also
favor approval of the Settlement.

D.      The Court also finds that the Settlement is within the range of the possible recovery.
In view of The Singing Machine's possible bankruptcy filing, collection of a judgment from The
Singing Machine, if one were obtained, was likely impossible, making the Settlement fair, adequate
and reasonable.  Moreover, the Court finds that other factors, such as the difficulty faced in proving

damages in a securities fraud case and the significant disagreement between the parties as to whether, or in what amount, Plaintiffs suffered damages caused by Defendants' alleged conduct further weigh in favor of the Settlement.

E.      The Court notes that no Class Members have objected to the Settlement which lends further support to a finding that the proposed Settlement should be approved.

F.      Based on the arguments set forth in the submissions by Plaintiffs' Lead Counsel as well as consideration of the factors set forth in *Bennett*, the Stipulation, and the Settlement embodied therein, are approved as fair, reasonable and adequate, and in the best interests of the Class and the Class Members, and the parties are directed to consummate the Stipulation in accordance with its terms and provisions. The Settlement Shares are to be issued in exchange for bona fide outstanding claims; all parties to whom it is proposed to issue such securities have had the right to appear at the hearing on the fairness of the Settlement; and the Settlement Shares are therefore unrestricted and freely tradable exempted securities pursuant to Section 3(a)(10) of the Securities Act of 1933, 15 U.S.C. §77c(a)(10).

G.      The Consolidated Complaint and the Derivative Complaints are hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against any and all of the Defendants, their past or present subsidiaries, parents, affiliates, partners, successors and predecessors, officers, directors, shareholders, insurers, reinsurers, agents, employees, attorneys, advisors, and investment advisors, auditors, accountants and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest or assigns of the Defendants.

H.     Members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action, damages, losses or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, or equity or any other law, rule or regulation, including both known and unknown claims, that have been or could have been asserted in any forum by the Class Plaintiffs, Derivative Plaintiffs , Class Members or any of them against any of the Released Parties (as defined below) which arise out of or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to or that could have been asserted in the Consolidated Complaint or the Derivative Complaints or otherwise relating to the purchase of shares of the common stock of The Singing Machine or its operations during the Class Period on the defense of the Action (the "Settled Claims") against any and all of the Defendants and each of their current and former directors, officers, employees, attorneys, insurers, reinsurers, accountants, underwriters, financial advisors, investment bankers, agents, predecessors, successors, parents, subsidiaries, affiliates, heirs, administrators, executors and assigns (the "Released Parties"). The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

I.     The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Settled Defendants' Claims against any of the Plaintiffs, other Class Members or their attorneys.  The Settled Defendants' Claims are hereby compromised, settled,

-6-

released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

J.        Neither the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

a.        offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants of the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

b.        offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Plaintiffs and the other members of the Class as evidence of any infirmity in the claims of Plaintiffs and the other members of the Class;

c.        offered or received against the Defendants as evidence of a presumption, concession or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Defendants may refer to it to effectuate the liability protection granted them hereunder;

-7-

        d.      construed against the Defendants or the Plaintiffs and the other members of the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

        e.      construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the other members of the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

        K.      The Plan of Allocation is approved as fair and reasonable, and in the best interests of the Class, and Plaintiffs' Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

        L.      An order authorizing distribution of the Net Settlement Fund to Authorized Claimants shall not be entered until this Court has determined that the Effective Date has occurred.

        M.      In determining the reasonableness of attorneys' fees, the Court is to consider: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Camden I Condominium Association, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991).

        N.      The Court has considered the arguments made in the Memorandum in Support of Plaintiffs' Counsels' Joint Application For An Award Of Attorneys' Fees And Reimbursement Of

Expenses, as well as the Vianale Declaration and the Compendium of Affidavits in Support of Lead Plaintiffs' Memorandum of Law in Support of the Proposed Settlement and Joint Application for an Award of Attorneys' Fees and Reimbursement of Expenses. The Court finds that Plaintiffs' counsel have expended significant time in the prosecution of this case. The efforts undertaken included, among other things, extensive investigation into the claims assented, vigorous settlement negotiations and substantial confirmatory discovery. The issues raised in this case were complex, requiring significant time and effort to successfully resolve.

O.      The Court further recognizes that this action was prosecuted by Plaintiffs' counsel on a wholly contingent basis under the common fund theory, and that counsel has not been compensated for any of these efforts.

P.      Based on the arguments set forth in the submissions by Plaintiffs' Lead Counsel, as well as a consideration of the factors set forth in *Camden*, counsel for Plaintiffs and the other members of the Class are hereby awarded _____% of the Gross Settlement Fund as and for their attorneys' fees, which sum the Court finds to be fair and reasonable, and $_____ in reimbursement of expenses, which the Court finds were necessary and appropriate in prosecuting this action and which shall be paid to Plaintiffs' Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same rate that the Settlement Amount earns. The award of attorneys' fees shall be allocated among counsel for Plaintiffs and the other members of the Class in a fashion which, in the sole opinion of Plaintiffs' Lead Counsel, fairly compensates counsel for the Plaintiffs and the other members of the Class for their respective contributions in the prosecution of the Action.

Q.      The Court also approves the payment of attorneys' fees, costs and expenses to counsel for the Derivative Plaintiffs in the amount of $_____.

R.      The Court finds that during the course of this Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

S.      Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

T.      Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

U.      There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Fed.R.Civ.P.

**DONE AND ORDERED**, in Chambers at Fort Lauderdale, Florida, this ___ day of ____ _____ 2004.

_____

Hon. William J. Zloch
Chief United States District Judge

cc: Counsel of Record

-10-