```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 03-80596-CIV-ZLOCH

FRANK BIELANSKI, on behalf of
himself and all others
similarly situated,

          Plaintiff,

vs.                                          O R D E R

SALBERG & COMPANY, P.A.,
EDWARD STEELE, JOHN KLECHA,
APRIL GREEN and THE SINGING
MACHINE COMPANY, INC.,

          Defendants.
_____/
```

FILED by ____ D.C.
APR 30 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

THIS MATTER is before the Court upon the parties Agreed Motion For Preliminary Approval Of The Class Action Settlement (DE 68). The Court has carefully reviewed said Agreed Motion, the entire court file and is otherwise fully advised in the premises. Additionally, a hearing regarding the instant Motion (DE 68) was held before the Court on April 27, 2004.

The Court notes that on April 23, 2004, the parties to the above-styled cause entered into a Stipulation and Agreement of Settlement (DE 69) (hereinafter the "Stipulation") which is subject to review under Rules 23 and 23.1 of the Federal Rules of Civil Procedure (hereinafter "F.R.Civ.P.") and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Consolidated Amended Class Action Complaint (hereinafter the "Consolidated Complaint") and two derivative complaints (03-61386 and 03-61854)

(hereinafter the "Derivative Complaints") on the merits and with prejudice upon the terms and conditions set forth in the Stipulation. The parties to the Stipulation have consented to the entry of this Order.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the parties Agreed Motion For Preliminary Approval Of The Class Action Settlement (DE 68) be and the same is hereby **GRANTED** as follows:

1. Pursuant to Rule 23(b)(3) Fed.R.Civ.P., and for the purposes of the settlement only, the above-styled cause is hereby certified as a class action on behalf of all persons who purchased the publicly-traded securities of The Singing Machine Company, Inc. (hereinafter "The Singing Machine") between February 14, 2001 and June 27, 2003, inclusive (hereinafter the "Class"). Excluded from the Class are the Defendants, members of the immediate family of each of the Individual Defendants, any subsidiary or affiliate of The Singing Machine and Salberg & Company, P.A. (hereinafter "Salberg & Co."), and the directors, officers and employees of The Singing Machine and Salberg & Co. or their subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements

set forth in the Notice.

2. The Court finds with respect to the Class that, for purposes of settlement only, the prerequisites for a class action under Fed.R.Civ.P. 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named Lead Class Plaintiffs are typical of the claims of the Class they seek to represent; (d) the Lead Class Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. In the event the settlement is not finally approved, the Defendants have not waived their right to object to class certification.

3. Pursuant to Rule 23, Fed.R.Civ.P., Lead Class Plaintiffs Theodore Klarides and James Klarides are certified as Class Representatives for the Class.

4. A hearing (hereinafter the "Settlement Fairness Hearing") pursuant to Rule 23(e) Fed.R.Civ.P. is hereby scheduled to be held before the Court on July 30, 2004, at 10:00 a.m. for the following purposes:

    a. to finally determine whether this Action satisfies the applicable prerequisites for class action treatment

3

under Rules 23(a) and (b), Fed.R.Civ.P.;

b. to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

c. to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Consolidated Complaint and the Derivative Complaints filed herein, on the merits and with prejudice, and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation and in the Order and Final Judgment annexed as Exhibit B to the Stipulation should be provided to the Released Parties;

d. to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

e. to consider Plaintiffs' Counsel's application for an award of attorneys' fees and expenses; and

f. to rule upon such other matters as the Court may deem appropriate.

5. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Consolidated Complaint and the Derivative Complaints on the merits

4

and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorney's fees and expenses. The Court recognizes and acknowledges that one consequence of a determination of fairness at the Settlement Fairness Hearing is that, pursuant to Section 3(a)(10) of the Securities Act of 1933, 15 U.S.C. §§77c(a)(10), the Settlement Shares (as defined in the Stipulation and Agreement of Settlement) may be distributed to Class Members without registration and compliance with the prospectus delivery requirements of the securities laws.

6. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Hearing On Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund (hereinafter the "Notice"), and the Proof of Claim form attached to the Stipulation (DE 69).

7. Plaintiffs' Lead Counsel shall cause the Notice and the Proof of Claim, substantially in the forms presented to the Court, to be mailed, by first class mail, postage prepaid, on or before May 26, 2004, to all members of the Class who can be identified with reasonable effort by Plaintiffs' Lead Counsel. The Defendants shall cooperate in making The Singing Machine's transfer records and shareholder information available, without charge to any party, to Plaintiffs' Lead Counsel or their agent for the purpose of identifying and giving notice to the Class. Plaintiffs' Lead Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who

purchased the publicly-traded securities of The Singing Machine during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed to forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notices and Proofs of Claim to beneficial owners. Plaintiffs' Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

8. The Court approves the form of Publication Notice of the pendency of this class action and the proposed settlement in substantially the form and content attached to the Stipulation (DE 69) and directs that Plaintiffs' Lead Counsel shall cause the Publication Notice to be published in the national edition of <u>The Wall Street Journal</u> on or before June 2, 2004. Plaintiffs' Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Published Notice.

9. The form and method set forth herein of notifying the

Class of the Settlement and its terms and conditions meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions set forth in the Stipulation, each member of the Class shall take the following actions and be subject to the following conditions:

> a. A properly executed Proof of Claim (hereafter "Proof of Claim"), substantially in the form attached to the Stipulation (DE 69), must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than July 16, 2004. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when

it was actually received at the address designated in the Notice.

b. The Proof of Claim submitted by each member of the Class must satisfy the following conditions: (I) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c. As part of the Proof of Claim, each member of the Class shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all claims as provided in the Stipulation.

11. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. Any member of the Class wishing to make such request shall mail the request in written form by first class mail postmarked no later than July 16, 2004 to the address designated in the Notice. Such request for exclusion shall clearly indicate the name and address of the person seeking exclusion, that the sender requests to be excluded from the Class in the Singing Machine Securities Litigation, and must be signed by such person. Such persons requesting exclusion are also requested to state: their telephone number and the date(s), price(s), and number(s) of shares or amount(s) of all purchases and sales of The Singing Machine publicly-traded common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

12. Members of the Class requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

13. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers are filed in writing with the Clerk of the Court, United States Courthouse, 299 E. Broward Boulevard, Fort

Lauderdale, Florida 33301, and copies of all such papers are served, on or before July 16, 2004, upon each of the following: Kenneth J. Vianale, Esq., Vianale & Vianale LLP, The Plaza, Suite 801, 5355 Town Center Road, Boca Raton, Florida, 33486, Lee Shalov, Esq., Shalov Stone & Bonner LLP, 485 Seventh Avenue, Suite 1000, New York New York 10018 on behalf of Lead Class Plaintiffs; George E. Barrett, Esq., Barrett Johnson & Parsley, 217 Second Avenue, North, Nashville, Tennessee 37201, on behalf of Derivative Plaintiffs; and Lewis F. Murphy, P.A., Steel Hector & Davis LLP, 200 S. Biscayne Blvd., #4000, Miami, Florida 33131 and Jeffrey A. Blaker, Esq., Conroy, Simberg, Ganon, et al., 1801 Centrepark Drive East, Suite 200, West Palm Beach, Florida 33401 on behalf of the Defendants.  Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.  Members of the Class do not need to appear at the hearing or take any other action to indicate their approval.

14.  Pending final determination of whether the Settlement should be approved, the Lead Class Plaintiffs, all members of the Class, Derivative Plaintiffs, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Party.

15.  If: (a) the Settlement is terminated by Defendants pursuant to paragraph 25 of the Stipulation; (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and the satisfaction of such condition is not waived in writing by Plaintiffs' Lead Counsel and Counsel for the Defendants; (c) the Court rejects, in any respect, the Order and Final Judgment in substantially the form and content attached to the Stipulation (DE 69) as Exhibit B and/or Plaintiffs' Lead Counsel and Counsel for the Defendants fail to consent to the entry of another form of order in lieu thereof; (d) the Court rejects the Stipulation, including any amendment thereto approved by Plaintiffs' Lead Counsel and Counsel for the Defendants; or (e) the Court approves the Stipulation, including any amendment thereto approved by Plaintiffs' Lead Counsel and Counsel for the Defendants, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Order certifying the Class and the Class Representatives for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any

party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to the execution of the Stipulation and any portion of the Settlement Amount previously paid by the Defendants together with any interest earned thereon, less costs of administration actually incurred and paid or payable shall be returned to the Defendants.

16. The Court retains exclusive jurisdiction over the above-styled cause to consider all further matters arising out of or connected with the Settlement.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _30th_ day of _APRIL_, 2004.

_____
WILLIAM J. ZLOCH
Chief United States District Judge

Copies Furnished:

All counsel of record

12