Filed by ELECTRONIC D.C.

Jul 29 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CONSOLIDATED CASE NO. 03-80596-CIV-ZLOCH

FRANK BIELANSKY, on behalf )
of himself and all others similarly )
situated, )
　)
　　　　　　　Plaintiff, )
　)
vs. )
　)
SALBERG & COMPANY, P.A., )
EDWARD STEELE, JOHN )
KLECHA, APRIL GREEN and )
THE SINGING MACHINE, INC., )
　)
　　　　　　　Defendants. )
　　　　　　　　　　　　　　　)

## NOTICE OF FILING

Lead Plaintiffs hereby file the following attached documents which were inadvertently omitted from the Declaration of Kenneth J. Vianale in Support of Settlement, Plan of Allocation, and Award of Attorneys' Fees and Reimbursement of Expenses ("Declaration"), filed July 23, 2004:

1.　　Exhibit "B" to the Declaration; and
2.　　Exhibit "C" to the Declaration.

Dated: July 29, 2004　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**VIANALE & VIANALE LLP**

　　　　　　　　　　　　　　　　　　　　By:　/s/ Kenneth J. Vianale
　　　　　　　　　　　　　　　　　　　　　　Kenneth J. Vianale
　　　　　　　　　　　　　　　　　　　　　　Fla. Bar No. 0169668
　　　　　　　　　　　　　　　　　　　　　　Julie Prag Vianale
　　　　　　　　　　　　　　　　　　　　　　Fla. Bar No. 0184977
　　　　　　　　　　　　　　　　　　5355 Town Center Road, Suite 801
　　　　　　　　　　　　　　　　　　Boca Raton, FL  33486
　　　　　　　　　　　　　　　　　　Tel:　(561) 391-4900
　　　　　　　　　　　　　　　　　　Fax:　(561) 368-9274

SHALOV STONE & BONNER LLP
Lee Shalov
485 Seventh Avenue, Suite 1000
New York, NY 10018
Tel:     (212) 239-4340
Fax:    (212) 239-4310

**Lead Counsel for Lead Plaintiffs and the Class**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via facsimile transmission and U.S. First Class Mail, this 29th day of July, 2004, to the parties as listed below:

**CONROY, SIMBERG, GANON, KREVANS & ABEL, P.A.**
Jeffrey A. Blaker, Esq.
1801 Centrepark Drive East, Suite 200
West Palm Beach, FL 33401
Tel:    (561) 697-8088
Fax:    (561) 697-8664

*Attorneys for defendants Salberg & Co*

**STEEL HECTOR & DAVIS**
Lewis F. Murphy
200 S. Biscayne Blvd., 41st Floor
Miami, FL 33131
Tel:    (305) 577-7000
Fax:    (305) 577-7001

*Attorneys for defendants Green, Klecha, Steele and Singing Machine*

**LEE & AMTZIS, P.L.**
Eric Lee
5550 Glades Road, Suite 401
Boca Raton, FL 33431
Tel:    (561) 981-9988
Fax:    (561) 981-9980

*Lead Counsel in Derivative Action*

 

/s/ Kenneth J. Vianale

# EXHIBIT B

Honorable William J. Zloch
United States courthouse
299 E. Broward Boulevard
Fort Lauderdale, Florida 33301



RE Case 03-80596-CIV-ZLOCH "The Singing Machine" proposed class settlement fairness hearing scheduled for 10 AM on July 30, 2004

Dear Judge Zloch:

I request to be heard on the reasonableness of the Plaintiffs' Counsel's application for attorneys' fees and expenses.

Appendix A establishes me as a member of this class. Attached is one copy of a purchase of this stock in the class period. Copies of the rest of the purchases have been submitted to the Claims administrator and are available on request. I am not requesting exclusion from this class.

I have been a stockholder in The Signing Machine since 2001, but have not other relationship with it nor have I met anyone who has ever worked for this company. Since 2001, I believe I have listened to all of the companies' quarterly conference calls, read all of their quarterly statements, and read a number of their SEC filings.

I intend to appear at this hearing, but given the hardship entailed by my need to travel from New York and assuming the attorneys will request a last minute postponement of the hearing, if I am unable to attend this hearing in person, I respectfully request that this statement be read into the official settlement hearing record at treated as if I were present.

In the "Notice of Pendency of Class Action, and Hearing on the proposed settlement and attorneys' fee petition" I would like to point out several statements that I believe are misleading or in which I believe material facts were omitted:

1. In paragraph #2 the Settlement says the "Plaintiffs estimate that the average recovery per damaged share of common stock under the settlement is $0.11 per damaged share before deduction of Court-awarded attorneys' fees and expenses. Yet the fund of $1,275,000 divided by the 13.2 million shares equals $0.0966, which is 12% less than the claimed $0.11. Therefore per share estimates in this Notice must be based on the expected number of damaged shares submitted rather than the total number damaged. This distinction becomes important in numbers 5 & 6 below.

2. In IV **Statement of Attorneys' Fees and Costs Sought:** #8 "Plaintiffs Lead Counsel intends to apply for fees of up to 30% ... In addition, the Plaintiffs' Lead Counsel intends to request reimbursement of expenses...in the approximately amount of up to $250,000. **The requested fees and expenses would amount to an average of $0.04 per damaged common share.**"

3. I believe these statements in IV are misleading or have material facts omitted because it does not mention the additional fees listed in #46: **"Derivative Settlement Counsel will also seek attorneys' fees, cost and interest up to a maximum of $150,000."** The attorneys have made this case against the company based on statements they claim are misleading or in which material facts were omitted. They must live up to the same standard.

4. According to #48, the attorneys in this case are seeking a total of $782,500 (30% of $1,275,000= $328,500 + $250,000 + $150,000) plus 30% of the 400,000 settlement shares plus interest. This represents an outrageous 61.4% of the cash settlement. It also would represent $0.059 per damaged share or 48% more than the $0.04 claimed; even before the settlement shares and interest are included.

5. **Because In IV Statement of Attorneys' Fees and Costs Sought**, states **"The requested fees and expenses would amount to an average of $0.04 per damaged common share", I request that the total attorney fees and expenses be limited to the stated $0.04 per share for which damages are actually paid which will total $528,000 if damages are paid on the estimated 13.2 million damaged shares.** This would pay the attorneys 41.4% of the settlement. If fewer damaged shares are paid, then the attorneys will have to divide up less.

6. Based on the printed notice, I do not see how the court could award a total of attorney fees and expenses more than $0.0449 per damaged share as stated in #8. I further request that the damaged shares be the number of shares on which damages are actually paid since this is the understanding of the reader of this notice and seems to be the number used when calculating the per share settlement in #2. A reader of this notice would be shocked to learn that the court allowed average total attorney fees and expenses of say $0.05 per damaged share, or 25% greater than the stated amount, simply because fewer than the maximum number of damaged shares were submitted after such a clear limit was established in this notice.

In the USA, more-or-less anyone can sue anyone for any reason at any time. Some of the original attorneys in this case certainly appeared to solicited clients to sue the company, rather than wait until approached by clients (appendix B). The threat and uncertainty of possible damages and the management distraction caused by this law suit, in my opinion, caused the company's stock to decline more than ten times the amount of the proposed settlement before attorneys fees and expenses. Judge, if this suit were about protecting the stockholders, the stockholders would clearly be best served by throwing out the entire case.

One of the original law firms, Milberg Weiss Bershad Haynes & Lerach, may have been had a client who was short the companies stock and thus stood to benefit from the resulting stock price plunge as alleged in Appendix C. The Company had a substantial short position against it during this period. The people who were short benefited from the subsequent plunge in value. Judge, I request that you ask the Plaintiffs' Counsel to certify to you that none of the former lead plaintiff clients (prior to the consolidation of this case) were short any of the Company's stock at the time they entered into the complaint. If they were, the people initiating the litigation were in fact betting on the stock going down. They and their law firms should be punished.

Thank you.

Respectfully submitted,

Peter E. Kent

Copies sent to Consel at:
Vianale & Vinale, Esq
Shalov Stone & Bonner, LLP
Steel Hector & Davis, LLP
Conroy, Simberg, Ganon, et al
Barrett Johnston & Parsley

**charles SCHWAB**                                                                                 Trade Confirmation

101 Montgomery Street  San Francisco California  94104
800 435 4000     www.schwab.com

Retain for Your Records

Account Number: 5024-2289
Page 1 of 2

**Mail To**

E TRR <6 00003620 000000005008 0002 20020430
PETER E KENT
2151 LYNNWOOD DR
NISKAYUNA NY  12309



---

**Security Description**

SINGING MACHINE INC NEW

| | | |
|---|---|---|
| **Action** | **SOLD** | |
| **Symbol:** SMD | **Trade Date:** 4/30/02 | |
| **Security No./Cusip:** 829322-30-4 | **Settlement Date:** 5/03/02 | |
| **Branch Code:** ABZZ | **Type:** Margin | |

| Quantity | Price | Principal | Fees & Charges | | Total Amount |
|---|---|---|---|---|---|
| | | | SEC Fee: | $.40 | |
| 1,000 | $13.27 | $13,270.00 | Commission: | 14.95 | $13,254.65 |
| **Totals** 1,000 | | $13,270.00 | | $15.35 | $13,254.65 |

**For all of the above:**
Unless you have already instructed us differently, we will: hold proceeds in account pending further instructions.
Market where executed:  American Stock Exchange
Unsolicited trade
Your commission has been reduced by your 20% Schwab Signature Services discount. In addition, your commission was reduced by the 10% electronic discount.
Capacity code A
CYBER DESK-TOP

---

©2001 Charles Schwab & Co., Inc.  All rights reserved.  Member: SIPC/New York Stock Exchange.  Please see reverse for terms, conditions and capacity code definitions.   SIPC

TRR ZZ 1
E TRR <6 00003620 000000005008 0002 20020430

# EXHIBIT C

July 11, 2004

The Singing Machine Securities Litigation Exclusions
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

RECEIVED PR

JUL 1 5 2004

CLAIMS CENTER

To Whom It May Concern:

**Subject: Exclusion from Class**

I, Brett Platt, request exclusion from the Class in The Singing Machine Securities Litigation, Case No. 03-80596-CIV-ZLOCH. As required I am including:

Address: 310 Twin Oak Trail   Cedar Park, TX   78613

Phone Number: 512-219-5383

### PURCHASES

| Date Purchased | # of Shares Purchased | Price Purchased ($/share) | Aggregate Cost Including Commissions ($) |
| --- | --- | --- | --- |
| 4/2/2002 | 150 | 15.00 | $2,260 |
| 5/2/2002 | 100 | 13.00 | $1,307 |
| 1/9/2003 | 150 | 7.38 | $1,115 |

### SALES

| Date Sold | # of Shares Sold | Price Sold ($/share) | Amount Received Net Commissions ($) |
| --- | --- | --- | --- |
| 5/5/2003 | 400 | 7.41 | $2,957 |

This fulfills the information required to be excluded from the class.

Sincerely,

*[signature]*

Brett Platt

July 11, 2004

The Singing Machine Securities Litigation Exclusions
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

RECEIVED PR
JUL 1 5 2004
CLAIMS CENTE..

To Whom It May Concern:

**Subject: Exclusion from Class**

I, Ruth Platt, request exclusion from the Class in The Singing Machine Securities Litigation, Case No. 03-80596-CIV-ZLOCH. As required I am including:

Address: 310 Twin Oak Trail  Cedar Park, TX 78613

Phone Number: 512-219-5383

### PURCHASES

| Date Purchased | # of Shares Purchased | Price Purchased ($/share) | Aggregate Cost Including Commissions ($) |
|---|---|---|---|
| 7/3/2002 | 138 | 12.89 | $1,786 |

### SALES

| Date Sold | # of Shares Sold | Price Sold ($/share) | Amount Received Net Commissions ($) |
|---|---|---|---|
| 1/21/2003 | 138 | 6.93 | $949 |

Now that I've included all the information required to be excluded from the class, I would like to give my two cents on this lawsuit. First, I wonder why don't the people who want to be in the lawsuit have to opt-in instead of me having to opt-out? The people who want the settlement already have to fill out an acceptable Proof of Claim.

Second, if this was a credible lawsuit, $0.07/share (after lawyer fees/expenses) seems really low to me. If the Singing Machine Company did something illegal, then I should get back more than 1% of my loss. (My total loss on this stock was $837 and you want to give me reparations that are less than $10?) Is this a joke? If this is not a credible lawsuit, than I am appalled and would consider the plaintiffs' lawyers extortionist of Singing Machine Company and users of the plaintiffs involved. Either way, I think the plaintiffs' lawyers at Vianale & Vianale LLP have done a huge disservice to those people they claim to represent.

Sincerely,

*Ruth Platt*

Ruth Platt

TSMcL1/Exclusion

3B

Brett & Ruth Platt
310 Twin Oak Trail
Cedar Park, TX 78613

RECEIVED PR
JUL 15 2004
CLAIMS CENTER

The Singing Machine Securities Litigation Exclusions
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

94977451OO 14    5483748563

Brett & Ruth Platt
310 Twin Oak Trail
Cedar Park, TX 78613

TSMC1 / Exclusion

94977-5100 14

RECEIVED
JUL 15 2004
CLAIMS CENTER

The Singing Machine Securities Litigation Exclusions
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100





2B

6/24/04

In re The Singing Machine
　　　　　　　Securities Litigation
P.O Box 5100
Larkspur, CA 94977-5100

JUL 14 2004
CLAIMS CENTER

Dear Sirs:

I "request exclusion from the Class in the Singing Machine Securities Litigation Case no. 03-80596 CIV ZLOCH." I bought 25 share of Singing Machine Co. Inc. on 11/14/01 at $15.00. On 11/23/01 I bought 20 share of Singing Machine Co. Inc. at $18.23. I sold all 45 share of Singing Machine Co. Inc. on 01/03/02 at $20.10.

Sincerely,
Anne Tomsic
2636 - 169th St.
Hammond IN 46323
Tel: 219-844-3328

TSMC1 · Exclusion　　　　　　　　　　　1A

JUL-15-04 THU 01:40 PM          FAX NO.          P. 03

TSMC1/Exclusion

/B

**CLAIMS CENTER**

In re The Singing Machine Securities Litigation
c/o Gilardi & Co. LLC
Claims Administrator
Post Office Box 5100
Larkspur, CA 94977-5100

RECEIVED DDS
JUL 1 4 2004



Anne Tomsic
2836 169th St
Hammond, IN 46323