UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-80596-CIV-ZLOCH

FRANK BIELANSKI, on behalf of
himself and all others
similarly situated,

       Plaintiff,

vs.

SALBERG & COMPANY, P.A.,
EDWARD STEELE, JOHN KLECHA,
APRIL GREEN and THE SINGING
MACHINE COMPANY, INC.,

       Defendants.
_____/

**FINAL JUDGMENT**

FILED by _____ D.C.

JUL 3 0 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

THIS MATTER is before the Court upon Plaintiffs' Motion In Support Of Approval Of Settlement, Plan Of Allocation And Approval Of Application For Attorney's Fees And Reimbursement Of Expenses (DE 74). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises. Additionally, a hearing regarding the instant Motion (DE 74) was held before the Court on July 30, 2004.

The Court notes that on April 23, 2004, the parties to the above-styled cause entered into a Stipulation and Agreement of Settlement (DE 69) (hereinafter the "Stipulation") which is subject to review under Rules 23 and 23.1 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Consolidated Amended Class Action Complaint (hereinafter the "Consolidated Complaint") and two derivative

complaints (Case Nos. 03-61386 and 03-61854) (hereinafter the "Derivative Complaints") on the merits and with prejudice upon the terms and conditions set forth in the Stipulation.

By prior Order (DE 72), the Court issued preliminary approval of the Stipulation, including certification of the Class and set a schedule for the provision of notice to the members of the Class and for receiving objections and exclusions to the Class. It appears that the parties have complied with the requirement of that Order. As of the date of this Order, the Court is aware of three exclusions from the class and that the only objection filed concerned attorney's fees and costs and not the amount of the settlement. That objection, filed by Peter E. Kent in the form of a letter, was received by the Court on July 20, 2004 and has been made a part of the official record in the above-styled cause.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion in Support Of Approval Of Settlement, Plan Of Allocation And Approval Of Application For Attorney's Fees And Reimbursement Of Expenses (DE 74) be and the same is hereby **GRANTED** as follows:

1.    The Court has jurisdiction over the subject matter of the Action, the Class Plaintiffs, all other Class Members, Derivative Plaintiffs and the Defendants.

2.    The Court finds the prerequisites to a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (a)

2

the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b)  there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent;  (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.    Pursuant to Fed. R. Civ. P. 23,  this Court hereby finally certifies this action as a class action on behalf of Plaintiffs and all other persons or entities who purchased the common stock of Defendant, The Singing Machine, Inc. during the period February 14, 2001 through June 27, 2003, inclusive. Excluded from the Class are the Defendants herein, and members of the immediate family of each of the Individual Defendants, any subsidiary or affiliate of Defendant, The Singing Machine Company, Inc. ("The Singing Machine") and Defendant, Salberg & Co., P.A. ("Salberg & Co.") and the directors, officers and employees of The Singing Machine and Salberg & Co. or their subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person.  Also excluded from

3

the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit A annexed hereto.

4.    A settlement should be approved under Rule 23(e) of the Federal Rules of Civil Procedure if the Court determines that it is "fair, adequate and reasonable and is not the product of collusion between the parties." Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984).   In determining whether a settlement is fair, adequate and reasonable, the Court should consider the following factors: (1) the likelihood of success at trial; (2) the range of probable recovery; (3) the point at or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of the litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of the proceedings at which the settlement was achieved. Bennett, 737 F.2d at 986.

A.    The Court has considered the arguments made in Lead Plaintiffs' Memorandum of Law in Support of the Proposed Settlement (DE 75), as well as the Declaration of Kenneth J. Vianale in Support of the Proposed Settlement (DE 76) and Plaintiffs' Counsel's Joint Application for Attorneys' Fees and Reimbursement of Expenses (DE 78).   After reviewing these submissions, the Court first finds that the form and manner of notice sent to members to the Class was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and

4

afford them an opportunity to present their objections," <u>Mullane v. Cent. Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950), and thus, satisfies due process and Rule 23(c) of the Federal Rules of Civil Procedure.   <u>See</u> <u>Eisen v. Carlisle & Jacquelin</u>, 417 U.S. 156, 173 (1974).

     B.   The Court also finds that the Settlement was reached after Plaintiffs had access to sufficient information to evaluate the case and determine the adequacy of the Settlement.   The Settlement was reached following three settlement meetings among counsel, after which Plaintiffs' counsel engaged in confirmatory discovery to determine the fairness and reasonableness of the Settlement.

     C.   The Court finds that the risks associated with proceeding to trial in this complex securities litigation, particularly the risks associated with establishing scienter and causation favor approval of the Settlement.   The likely duration and associated expenses of continued litigation also favor approval of the Settlement.

     D.   The Court also finds that the Settlement is within the range of the possible recovery.   In view of The Singing Machine's possible bankruptcy filing, collection of a judgment from The Singing Machine, if one were obtained, was likely impossible, making the Settlement fair, adequate and reasonable.   Moreover, the Court finds that other factors, such as the difficulty faced in

proving damages in a securities fraud case and the significant disagreement between the parties as to whether, or in what amount, Plaintiffs suffered damages caused by Defendants' alleged conduct further weigh in favor of the Settlement.

E.   The Court notes that no Class Members have objected to the Settlement which lends further support to a finding that the proposed Settlement should be approved.

F.   Based on the arguments set forth in the submissions by Plaintiffs' Lead Counsel as well as consideration of the factors set forth in <u>Bennett</u>, the Stipulation, and the Settlement embodied therein, are approved as fair, reasonable and adequate, and in the best interests of the Class and the Class Members, and the parties are directed to consummate the Stipulation in accordance with its terms and provisions.  The Settlement Shares are to be issued in exchange for bona fide outstanding claims; all parties to whom it is proposed to issue such securities have had the right to appear at the hearing on the fairness of the Settlement; and the Settlement Shares are therefore unrestricted and freely tradable exempted securities pursuant to Section 3(a)(10) of the Securities Act of 1933, 15 U.S.C. §77c(a)(10).

G.   The Consolidated Complaint and the Derivative Complaints are hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against any and all of the Defendants, their past or present subsidiaries, parents,

affiliates, partners, successors and predecessors, officers, directors, shareholders, insurers, reinsurers, agents, employees, attorneys, advisors, and investment advisors, auditors, accountants and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest or assigns of the Defendants.

H.   Members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action, damages, losses or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, or equity or any other law, rule or regulation, including both known and unknown claims, that have been or could have been asserted in any forum by the Class Plaintiffs, Derivative Plaintiffs , Class Members or any of them against any of the Released Parties (as defined below) which arise out of or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to or that could have been asserted in the Consolidated Complaint or the Derivative Complaints or otherwise relating to the purchase of shares of the common stock of The Singing Machine or its operations

during the Class Period on the defense of the Action (the "Settled Claims") against any and all of the Defendants and each of their current and former directors, officers, employees, attorneys, insurers, reinsurers, accountants, underwriters, financial advisors, investment bankers, agents, predecessors, successors, parents, subsidiaries, affiliates, heirs, administrators, executors and assigns (the "Released Parties"). The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

I.   The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Settled Defendants' Claims against any of the Plaintiffs, other Class Members or their attorneys. The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

J.   Neither the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

a.   offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any

8

presumption, concession, or admission by any of the Defendants of the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

b.   offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Plaintiffs and the other members of the Class as evidence of any infirmity in the claims of Plaintiffs and the other members of the Class;

c.   offered or received against the Defendants as evidence of a presumption, concession or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Defendants may refer to it to effectuate the liability protection granted them hereunder;

d.   construed against the Defendants or the Plaintiffs

and the other members of the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

e. construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the other members of the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

K. The Plan of Allocation is approved as fair and reasonable, and in the best interests of the Class, and Plaintiffs' Lead Counsel and the Claims Administrator are directed to administer the stipulation in accordance with its terms and provisions.

L. An order authorizing distribution of the Net Settlement Fund to Authorized Claimants shall not be entered until this Court has determined that the Effective Date has occurred.

M. In determining the reasonableness of attorneys' fees, the Court is to consider: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained;

(9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. <u>Camden I Condominium Association, Inc. v. Dunkle</u>, 946 F.2d 768 (11th Cir. 1991).

N.   The Court has considered the arguments made in the Memorandum in Support of Plaintiffs' Counsels' Joint Application For An Award Of Attorneys' Fees And Reimbursement Of Expenses (DE 78), as well as the Vianale Declaration (DE 76) and the Compendium of Affidavits in Support of Lead Plaintiffs' Memorandum of Law in Support of the Proposed Settlement and Joint Application for an Award of Attorneys' Fees and Reimbursement of Expenses (DE 77). The Court finds that Plaintiffs' counsel have expended significant time in the prosecution of this case.  The efforts undertaken included, among other things, extensive investigation into the claims asserted, vigorous settlement negotiations and substantial confirmatory discovery.  The issues raised in this case were complex, requiring significant time and effort to successfully resolve.

O.   The Court further recognizes that this action was prosecuted by Plaintiffs' counsel on a wholly contingent basis under the common fund theory, and that counsel has not been compensated for any of these efforts.

P.   Based on the arguments set forth in the submissions by

11

Plaintiffs' Lead Counsel, as well as a consideration of the factors set forth in <u>Camden</u>, counsel for Plaintiffs and the other members of the Class are hereby awarded 30% of the Gross Settlement Fund as and for their attorneys' fees, which sum the Court finds to be fair and reasonable, and $122,536.17 in reimbursement of expenses, which the Court finds were necessary and appropriate in prosecuting this action and which shall be paid to Plaintiffs' Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same rate that the Settlement Amount earns.   The award of attorneys' fees shall be allocated among counsel for Plaintiffs and the other members of the Class in a fashion which, in the sole opinion of Plaintiffs' Lead Counsel, fairly compensates counsel for the Plaintiffs and the other members of the Class for their respective contributions in the prosecution of the Action.

Q.   The Court also approves the payment of attorneys' fees, costs and expenses to counsel for the Derivative Plaintiffs in the amount of $150,000.

R.   The Court finds that during the course of this Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

S.   Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this litigation,   including   the   administration,   interpretation,

12

effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

T.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

U.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Fed. R. Civ. P.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ 30th _____ day of _July_ , 2004.

WILLIAM J. ZLOCH
Chief United States District Judge

Copies Furnished:

All counsel of record